KLEINKE v. OATES.

EQUITY—CRIMINAL LAW—INJUNCTION—GAME LAWS.

As a rule, criminal prosecutions cannot be restrained by injunction and hence equity will not prohibit the game warden from carrying out the provisions of statute by prosecuting several defendants for illegally using pound nets with a two-inch mesh. If, as contended by respondents, the use of the nets is lawful under Act No. 188, Pub. Acts 1911, the defense may be interposed in the criminal prosecution. See Act No. 28, Pub. Acts 1887, and Act No. 97, Pub. Acts 1913.[1]

Appeal from Menominee; Flannigan, J. Submitted June 17, 1915. (Docket No. 103.) Decided July 23, 1915.

Bill by Richard Kleinke and others agaist William R. Oates, as game and fish warden, for an injunction and other equitable relief. From an order sustaining a demurrer to the bill of complaint, complainants appeal. Affirmed.

*George Barstow,* for appellants.

*Grant Fellows,* Attorney General, and *James A. Greene,* Assistant Attorney General, for appellee.

BROOKE, C. J. The complainants in this case file their bill of complaint against the State game, fish, and forestry warden, setting out that they are engaged in the business of fishing with pound nets in the waters of Green Bay in the county of Menominee; that they propose to use nets with a mesh two inches extension measure; that their authority for the use of such nets

---

[1] For authorities discussing right to injunction against criminal proceedings in general, see notes in 21 L. R. A. 84; 2 L. R. A. (N. S.) 631; 25 L. R. A. (N. S.) 193; 34 L. R. A. (N. S.) 454.

is to be found in Act No. 188, Pub. Acts 1911; and that the defendant, claiming that the use of such nets in said waters is unlawful, threatens to prevent them from such use and to take them from the water and retain possession thereof, in such manner preventing complainants from engaging in the business during the month of September, 1914. Complainants pray:

"That upon the final hearing hereof, the defendants may be restrained by the order and injunction of this court from interfering in the waters of Green Bay in said county of Menominee with your orators in the use of pound net pots with meshes of two inches extension measure, as manufactured, for the purpose of catching or taking perch, herring, and other rough fish, in accordance with the provisions of Act No. 188, Public Acts 1911, of the State of Michigan."

To this bill of complaint defendant interposed a demurrer as follows:

"(1) That a court of equity has no jurisdiction to entertain the bill of complaint and to grant the relief sought therein, or any part thereof as prayed in complainants' bill of complaint.

"(2) That said complainants have a full, adequate, and complete remedy at law.

"(3) That the said bill of complaint seeks to restrain criminal prosecutions for violations of law and to restrain public officials from performing their official duties and exercising their official functions as prescribed by law.

"(4) That the bill of complaint filed in this cause by complainants is in effect a suit against the State of Michigan.

"(5) That Act 188, Public Acts of 1911, under which complainants claim the right to relief, is a local or special act not containing a referendum, and therefore unconstitutional and void."

Upon argument the court below sustained the demurrer upon the ground that Act No. 97, Pub. Acts 1913, repealed Act No. 188, Pub. Acts 1911.

We find it unnecessary to consider the question dis-

cussed at large in the briefs of both counsel and upon which determination was based in the court below. We are of opinion that the second and third grounds of demurrer are well taken, and that the action of the circuit court must therefore be affirmed.

In principle the case is upon "all fours" with that of *Osborn* v. *Circuit Judge*, 114 Mich. 655 (72 N. W. 982). We there said:

"It is a general rule that criminal prosecutions cannot be restrained by injunction. Once have it understood that they may be, and the public would labor under additional embarrassment to the already great obstacles to the prevention of crime. There is no excuse, upon reason or authority, for enjoining the prosecution of the complainant for violations of the law providing for a close season. If the law were unconstitutional, it would be available by way of defense to the criminal charge, and therefore no occasion for chancery to take jurisdiction for the want of an adequate remedy at law. See Mechem, Pub. Off. § 992, and cases cited. It has never been found necessary or expedient that the validity and construction of criminal laws should be determined in chancery, for the guidance of courts of criminal jurisdiction."

Section 2 of Act No. 28, Pub. Acts 1887, as amended, defines the duty of the State game and fish warden, and authorizes criminal proceedings under and by virtue of any laws "now existing or hereafter enacted." The relief sought by the bill, in effect, is to restrain a criminal prosecution.

All the reasons urged by complainants why an injunction should be granted would be available to them in defense of a criminal prosecution.

The judgment is affirmed.

KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.

The late Justice MCALVAY, to whom this case was assigned, took no part in the decision.