SOCIETY OF GOOD NEIGHBORS v. GROAT, Judge of Recorder's Court, et al.

Civil Action No. 7204.

District Court, E. D. Michigan, S. D.
May 8, 1948.

696

Davidow & Davidow and Larry S. Davidow, all of Detroit, Mich., for plaintiff.

J. Lynn Fewlass, and Julius C. Pliskow, both of Detroit, Mich., for defendants Gerald W. Groat and James N. McNally.

Nathaniel H. Goldstick, of Detroit, Mich., for defendant Harry S. Toy.

LEVIN, District Judge.

■ The plaintiff invokes the jurisdiction of the court under Jud.Code § 24 (1), as amended, 28 U.S.C.A. § 41(1), and prays that the defendants, a Judge of the Recorder's Court for the City of Detroit, Michigan, the Prosecuting Attorney of Wayne County, and the Police Commissioner of the City of Detroit, be restrained from carrying on practices under a state statute which is alleged to be in conflict with the Federal Constitution, and that upon the final hearing a determination be made by the court that the state statute under which they presume to act be declared violative of the Federal Constitution. Accordingly, this three-judge court was convened. Jud. Code, § 266, as amended, 28 U.S.C.A. § 380.

The plaintiff alleges that it is a non-profit association conducting certain charitable and philanthropic work in the City of Detroit. The answers filed in behalf of the defendants aver that the plaintiff has actually been operating an enterprise for profit for the personal benefit of one or more persons, and that in furtherance of such private enterprise the plaintiff is engaged in carrying on illegal practices in violation of certain criminal statutes of the State of Michigan.

Section 17217, Compiled Laws of Michigan for 1929, Mich.Stat.Ann. Sec. 28.943,[1] authorizes investigation of suspected offenses by a judge or justice with full power to summon witnesses and make full inquiry. Such a judge or justice so acting is commonly referred to in Michigan as a one-man grand jury. Pursuant to a petition filed by the Attorney General of the State of Michigan and the defendant Prosecuting Attorney for a one-man grand jury to investigate the commission of certain crimes in the City of Detroit, the defendant judge was appointed and is acting as such grand juror.

The plaintiff further alleges that all the defendants, together with others, have entered into a conspiracy to destroy the plaintiff organization, and that such conspiracy prompted the presentation of the petition for the one-man grand jury, its appointment and its illegal conduct; that such conduct consisted principally of interrogating witnesses at times and under conditions which cause such witnesses great mental anguish; that the seizure of all of the books and records of the plaintiff corporation was arbitrary, and their retention by the grand juror was beyond any period which could be required for an examination however exhaustive; that the unrea-

---

[1] "Sec. 28.943 Proceedings before trial; investigation of suspected offenses by judge or justice; summoning witnesses, inquiry, compensation.) Sec. 3 Whenever by reason of the filing of any complaint, which may be upon information and belief, any justice of the peace, police judge or judge of a court of record shall have probable cause to suspect that any crime, offense, misdemeanor or violation of any city ordinance shall have been committed within his jurisdiction, and that any person may be able to give any material evidence respecting such offense, such justice or judge in his discretion may, and upon the application of the prosecuting attorney, or city attorney in the case of suspected violation of ordinances, shall require such person to attend before him as a witness and answer such questions as such justice or judge may require concerning any violation of law about which he may be questioned; and the proceedings to summon such witness and to compel him to testify shall, as far as possible, be the same as proceedings to summon witnesses and compel their attendance and testimony, and such witnesses shall be entitled to the same compensation as in other criminal proceedings. (C.L. '29, Sec. 17217.)"

:sonable refusal of the juror to permit plaintiff to furnish photostatic copies of such books and records and the failure to return such books has crippled the work of the plaintiff and is destructive of its organization, resulting in great hardship to the administration of its charitable objectives.

Plaintiff requests this court to declare that the quoted Michigan grand jury statute is violative of Article IV, Sec. 4 of the Constitution of the United States of America because it attempts to confer upon the judiciary of the State of Michigan non-judicial powers, thereby "depriving the State of Michigan of a republican form of government;" that it denies the plaintiff the equal protection of the laws, and that the conduct of the defendants is a deprivation of the plaintiff's property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. In the meantime, this court is asked to prevent further suffering and irreparable injury, loss and damage to the plaintiff, by enjoining the operation of the grand jury and by appropriate mandate to compel the return of the books and records of the plaintiff.

The defendants deny that the Michigan one-man grand jury statute is unconstitutional or that the conduct of the grand juror or any of the other persons named as defendants is in conflict with any federal constitutional guarantees, and move the court to dismiss the suit. For the purpose of considering both the petition of the plaintiff and the motion to dismiss, the court will deem the allegations set out in the complaint as true.

It may be said at the outset that Sec. 265 of the Judicial Code, 28 U.S.C.A. § 379,[2] is not a jurisdictional statute but merely a limitation upon the equity powers of the federal courts. Smith v. Apple, 264 U.S. 274, 44 S.Ct. 311, 68 L.Ed. 678; Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

Notwithstanding the authority of the court to grant equitable relief in a proper case, it will refuse to interfere with proceedings in the state courts except where unusual circumstances calling for such relief are unmistakeably indicated.

The rule is well stated by Mr. Justice Stone in the case of Douglas v. City of Jeannette, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324, where it was sought to restrain threatened criminal prosecutions:

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. Davis & Farnum Mfg. Co. v. City of Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 47 L.Ed. 778; Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927. Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.' Spielman Motor Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 680, 79 L.Ed. 1322 and cases cited; Beal v. Missouri Pacific R. Corporation, 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 577; and cases cited; Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416; Williams v. Miller, 317 U.S. 599, 63 S.Ct. 258, 87 L.Ed. 489."

The foregoing rule is even more rigidly enforced where a criminal proceeding is actually pending in the state courts.

---

[2] Judicial Code, Sec. 265. "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

"But the federal court cannot, of course interfere in a case where the proceedings were already pending in a state court." Cline v. Frink Dairy Co., 274 U.S. 445, 453, 47 S.Ct. 681, 683, 71 L.Ed. 1146, citing Taylor v. Taintor, 16 Wall. 366, 370, 21 L.Ed. 287; Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119, 43 L.Ed. 399.

Plaintiff's contention that the grand jury proceeding is not a pending court proceeding is without merit. Hemans v. United States, 6 Cir., 163 F.2d 228, 235, certiorari denied 68 S.Ct. 100.

There are cases in the books where criminal proceedings were threatened under state statutes apparently violative of federal constitutional guarantees (Cline v. Frink Dairy, supra, Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, and federal courts have by injunction prevented such threatened or imminent criminal proceedings.

But is the case at bar such a one as justifies the use of the equitable arm of the federal court?

It appears from the pleadings that the plaintiff's books and records were produced for examination pursuant to subpoena and are now before the one-man grand jury acting as such in pursuance of a state statute declared valid by the state court of last resort. In Re Slattery, 310 Mich. 458, 17 N.W.2d 251, 254, certiorari denied 325 U.S. 876, 65 S.Ct. 1553, 89 L.Ed. 1993, Mr. Justice Butzel, speaking for that court, stated in clear and unequivocal language:

"The statutes of this State, invoked in the instant case, serve the same purpose as the constitutional provisions in regard to grand juries in other jurisdictions. They do not impose non-judicial duties upon the judiciary and are in strict conformity with the Constitution of this State * * * So that there may be no further question, we hold that the judge conducting a one-man grand jury proceeding is acting in a judicial capacity. * * *"

This language was quoted with approval in the case of Hemans v. United States, supra.

During a colloquy with the court, counsel for the plaintiff stated that while the complaints of the plaintiff were lodged with the grand juror, no appeals from his orders were ever taken to a reviewing court, and that no appeals were contemplated to any state court because the State Supreme Court had approved the constitutionality of the one-man grand jury statute in In re Slattery, supra, and the expressed opinions of that court in similar cases would make any attempt for relief to any state court ineffective. However, no cases have been cited to this court wherein the state courts have refused to direct the return of a party's books and records under similar circumstances. It is not for this court to conjecture what action the state courts would take in this matter, and we may not assume that the plaintiff cannot secure a fair and just determination of its rights in the courts of Michigan.

The question, whether the defendants have exceeded or abused their authority for the examination of witnesses or production of books and records under the Michigan statutes, is clearly a matter for determination by the state courts, subject only to review by the Supreme Court of the United States if such construction or application is appropriately challenged on constitutional grounds. Beal v. Missouri Pacific R. Corporation, supra. Even in cases involving the sacred writ of habeas corpus, the federal courts have refused to interfere until the applicant for the writ, confined under sentence of a state court, has exhausted his remedies under the state law. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

In the case now before the court, it does not appear that the plaintiff will suffer any greater or different degree of damage if the litigation proceeds in the state instead of the federal courts, or that the alleged injury to plaintiff's business is more than an unavoidable incident to litigation, wherever it may be conducted, where the lawfulness of a business practice is exposed to inquiry.

This court is of the opinion that the motion for a temporary injunction should be denied and the complaint dismissed.

SIMONS, Circuit Judge, and PICARD, District Judge, concur.