RITCHIE v. CITY OF HAMTRAMCK.

1. Injunction—Criminal Law—Constitutional Law.
    Courts should not enjoin criminal prosecutions merely because
    the law under which they are brought is unconstitutional, as
    such issue is available at law by way of defense to the
    criminal charge.

2. Same—Criminal Law—Irreparable Injury.
    There is an exception to the general rule that criminal prosecu-
    tions cannot be restrained by injunction, where public offi-
    cials are proceeding illegally and improperly under claim of
    of right, and it is alleged that the plaintiff thereby suffers
    irreparable injury.

3. Same—Criminal Law—Municipal Officers.
    An equity court may grant injunctive relief, where the con-
    stitutionality of a municipal ordinance is involved in a
    · criminal proceeding by municipal authorities thereunder, as
    they do not have the power to declare a municipal ordinance
    unconstitutional.

4. Constitutional Law—Municipal Ordinance—Certiorari.
    The constitutionality of a municipal ordinance must be raised in
    a direct proceeding to have judicial determination of that
    question, since it cannot be had under certiorari to review
    the action of administrative officers.

5. Same—Municipal Ordinance—Particular Parcel of Property.
    The constitutionality of a municipal ordinance may be challenged
    as it applies to a particular parcel of property.

---

References for Points in Headnotes
[1]  28 Am Jur, Injunction § 235.
[2, 6]  28 Am Jur, Injunction § 234.
[3]  28 Am Jur, Injunction § 239.
[4]  37 Am Jur, Municipal Corporations § 169.
[5]  37 Am Jur, Municipal Corporations § 170.
[7]  19 Am Jur, Equity § 316.

6. INJUNCTION—MUNICIPAL OFFICERS—IRREPARABLE INJURY—JURIS-
DICTION.

Bill to enjoin criminal proceedings, which involved the right
of the defendants to invoke the provisions of city building
code and thereby order plaintiff to remove all plumbing and
electrical installations including fixtures from third floor which
she had rented for use as living quarters for over 30 years,
and which alleged that defendants, as public officials, were
proceeding illegally and improperly under claim of right and
thereby causing her irreparable injury gave the court jurisdic-
tion to grant equitable relief.

7. EQUITY—MOTION TO DISMISS—PLEADING.

Well-pleaded facts in a bill of complaint must be accepted as
true on defendants' motion to dismiss.

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted June 16, 1954. (Docket No. 20, Calendar
No. 45,930.) Decided September 8, 1954.

Bill by Matilda Ritchie against City of Ham-
tramck, a municipal corporation, three of its de-
partments, and various individuals in their official
capacities, to test validity and applicability of health
ordinances and building code. Bill dismissed on
motion. Plaintiff appeals. Reversed and remanded.

*Harry J. Lippman* (*John G. Cross,* of counsel), for
plaintiff.

*Chester C. Pierce* and *Stanley J. Draganski,* for
defendants.

KELLY, J. Plaintiff filed her bill of complaint
against defendants herein praying for an injunction
and an accounting for damages and that the court
decree all health ordinances or health code and/or
the building code of the city of Hamtramck, uncon-
stitutional insofar as the same are invoked against
plaintiff by said defendants.

The court, upon motion of defendants, dismissed the bill of complaint, stating that the plaintiff "would have an adequate remedy at law and equity will not interfere with the enforcement of a city ordinance, where adequate relief may be obtained, as in this particular instance, in a contemplated prosecution for the violation thereof."

The bill alleged that plaintiff was notified by the department of building and safety engineering of the city of Hamtrack that:

"You must vacate tenants from third floor and refrain from using third floor for living quarters in the future.

"You must remove all plumbing and electrical installations including fixtures from said third floor.

"You must dismantle all partition walls including studding and *restore attic for use as storage space only.*"

Further, that she was notified by the bureau of sanitation that:

"You are hereby notified and warned to place said premises in a clean and sanitary condition by vacating tenants from attic.

"If this notice is not complied with within 10 days after date, you will be prosecuted to the full extent of the law."

And that the fire prevention bureau also notified her to:

"Obtain a fuel oil permit from the department of building and safety engineering, 2301 Roosevelt.

"Put in a clean out door in the chimney."

In her bill plaintiff also alleged that for 40 years she has been the owner of premises located at 2996 Roosevelt avenue, Hamtramck, and that more than 30 years ago she converted the third floor of said premises into a 2-room apartment, and has rented

said apartment for the past 30 years; that she is maintaining the premises "in a healthy, sanitary and safe condition, she having in said premises by reason of the passing years, a vested right to maintain said premises in their present state of repair."

In *Osborn* v. *Charlevoix Circuit Judge,* 114 Mich 655, it is stated that (pp 666, 667):

"It is a general rule that criminal prosecutions cannot be restrained by injunction. Once have it understood that they may be, and the public would labor under additional embarrassment to the already great obstacles to the prevention of crime."

A headnote in the same case reads:

"Courts of chancery should not enjoin criminal prosecutions on the theory that the law under which they are brought is unconstitutional, as such fact is available at law by way of defense to the criminal charge."

An exception to this general rule was made in *Michigan Salt Works* v. *Baird,* 173 Mich 655. This Court allowed an injunction to restrain the enforcement of the salt inspection act, and said (pp 660, 662):

"As we understand the position of the complainant, it is not contended that equity has jurisdiction, as a general rule, to restrain criminal prosecutions, nor is it contended that an equitable proceeding is proper merely for the purpose of determining the constitutionality of an act of the legislature. It is contended, however, that this bill of complaint sets out other grounds for equitable relief than simply the restraining criminal prosecutions as appears from what we have already stated, and that the averments of the bill of complaint are sufficient to clothe the court with jurisdiction, and, having jurisdiction, the court will retain the cause, and, if necessary to meet the ends of justice, will determine the constitutionality

of the act of which complaint is made. There can be no question that the general rule is as stated in *Osborn* v. *Charlevoix Circuit Judge, supra.* * * *

"While the general rule is as above stated, we think it is established, by the weight of authority, that in certain classes of cases, of which the one at bar is a good example, equity will take jurisdiction. * * * Equity has jurisdiction to interfere, by injunction, in a case where public officials are proceeding illegally and improperly under claim of right, where it is alleged, as in the instant case, that the complainant thereby suffers irreparable injury."

This Court has recognized the jurisdiction of a court of chancery to grant injunctive relief where a constitutional question is involved because the municipal authorities do not have the power to declare the ordinance unconstitutional and void. In *Long* v. *City of Highland Park,* 329 Mich 146, we said (p 149):

"Appellant claims that equity does not have jurisdiction where the plaintiffs had not exhausted their remedy under the provisions of the zoning ordinance by applying for a building permit, seeking relief from the board of zoning appeals, the zoning commission, and the common council of the city. There is no merit in the claim. Plaintiffs do not here seek, nor have they asked the city for a building permit, to erect a building for any particular use. The municipal authorities referred to do not have the power to declare the ordinance unconstitutional and void as applied to plaintiffs' property and they could not grant the relief here sought. An attempt by them to do so, which in effect would result in a violation of the ordinance, would have been ineffective."

In *Austin* v. *Older,* 278 Mich 518, a petition for writ of certiorari to review decisions of the city engineer and the board of appeals was dismissed, this Court stating (p 521):

"The statute providing for an appeal to the board accorded plaintiff all the remedy allowable unless the validity of the ordinance was to be questioned, and then the board could not pass upon that question, nor the court in the proceeding at bar.

"If plaintiff considers the ordinance in conflict with constitutional provisions then the attack must be made in a direct proceeding to have judicial determination of that question and it cannot be had under certiorari to review the action of the administrative officers."

Appellant does not challenge the validity or constitutionality of the ordinances in their entirety, but only as same are applied to appellant's property. The right to challenge only as same applies to individual property was recognized in *Redford Moving & Storage Company* v. *City of Detroit,* 336 Mich 702. Plaintiff filed a bill against the city of Detroit to restrain enforcement of ordinance with reference to its property. This Court said (p 709):

"It is further urged on behalf of the city that the court should not interfere with the discretion of the board of zoning appeals, and that plaintiff may not claim benefits under the ordinance and at the same time assail its validity. As above pointed out, however, the reasonableness of the application of a zoning ordinance to a particular parcel of land is subject to judicial review. In the instant case plaintiff does not question the legality of ordinance 171-D in its entirety, but contends that the manner of application thereof to its property is unreasonable and unlawful. The trial judge, in deciding the controversy, so found, and we are in accord with such conclusion. *Long* v. *City of Highland Park, supra; Hitchman* v. *Township of Oakland,* 329 Mich 331."

The bill of complaint in the instant case sets forth grounds for equitable relief other than the restraining of criminal proceedings. It involves the right

of the defendants to invoke the provisions of the building code and thereby order the appellant to "remove all plumbing and electrical installations including fixtures from said third floor," and to "refrain from using said third floor for living quarters in the future." Plaintiff also alleges that the defendants, as public officials, are proceeding illegally and improperly under claim of right and thereby causing her to suffer irreparable injury. The bill also challenges the reasonableness of the threatened action by the defendants against appellant.

On defendants' motion to dismiss, well-pleaded facts in the bill of complaint must be accepted as true. *Witt* v. *Tourn-A-Grip Co.*, 330 Mich 151.

The order of the lower court dismissing plaintiff's bill of complaint is set aside and the cause remanded for a hearing on the merits. Costs to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.