1. NUISANCE—INJUNCTION—PLEADING—SETBACK LINES.
   Village's bill to enjoin violation of ordinance relating to setback line which pleaded bare conclusion "that such structure would also be a nuisance" did not constitute a proper averment of facts showing nuisance, the mere erection of a building in violation of the ordinance not making it a nuisance (Village of Port Austin Ordinance No 20).

2. INJUNCTION—JURISDICTION—STATUTES—EVIDENCE OF NUISANCE.
   Court of equity was without jurisdiction to enjoin violation of village ordinance respecting setback line of buildings, where jurisdiction was not conferred by statute or ordinance, there was no proof that either a public or private nuisance existed and no showing of interference with property rights (Village of Port Austin Ordinance No 20).

Appeal from Huron; Bach (Arthur M.), J.   Submitted June 4, 1957.  (Docket No. 10, Calendar No. 47,256.)  Decided October 7, 1957.

Bill by Village of Port Austin, a municipal corporation against Bruce Parsons to enjoin erection of building in violation of ordinance respecting setback line but not providing for enforcement by injunction.  Decree for plaintiff.  Defendant appeals.  Reversed and bill dismissed.

*Philip Woodworth,* for plaintiff.

*Charles R. King,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1]  39 Am Jur, Nuisances § 77.
[2]  28 Am Jur, Injunctions § 152.

Dethmers, C. J. Defendant appeals from decree enjoining him from erecting a building upon East Spring street in the village of Port Austin closer than 10 feet from the front lot line in violation of village ordinance No 20, which reads:

"The village of Port Austin ordains:

"Sec. 1. It shall be unlawful for any person, firm or corporation to erect, or cause to be erected any building or buildings, on or along Spring street in the village of Port Austin, from Lake street (M–53) west to Gallup park, and from Lake street (M–53) east to the corporation limits, the front of which said building or buildings shall be closer than 10 feet from the lot line or closer than 43 feet from the center line of said Spring street as now established.

"Sec. 2. Any person, firm, corporation or its officers of said corporation who shall be found guilty of violating any of the provisions of this ordinance shall be guilty of a fine of not less than $5 or more than $100, and the cost of prosecution, or imprisonment in the village jail of the village of Port Austin, or the county jail of Huron county for a period of not less than 5 or more than 90 days or both, such fine and imprisonment in the discretion of the court.

"Sec. 3. This ordinance shall be in force and effect 20 days after its approval and adoption by the village council of the village of Port Austin, Huron county, Michigan."

Defendant contends that the court of equity was without jurisdiction to enjoin violation of the ordinance.

It will be noted that the ordinance contains no provision for its enforcement by injunction. It is not claimed that it was adopted under authority of any enabling statute containing such provision. The only legal compulsion to compliance is the penal clause of the ordinance. Plaintiff's bill of complaint pleads the bare conclusion "that such structure

would also be a nuisance." Defendant's answer denies it. This amounts neither to proper averment by plaintiff of facts showing nuisance nor admission thereof by defendant. The mere fact that the structure, as undertaken to be built by defendant, is prohibited by ordinance does not make it a nuisance. There were no proofs of nuisance, public or private, nor of interference with property rights. Thus, there being neither statutorily conferred jurisdiction nor that which is inherent in the courts to abate a nuisance or enjoin violation of property rights, the court was without jurisdiction in the premises. *Village of St. Johns* v. *McFarlan*, 33 Mich 72 (20 Am Rep 671); *Township of Warren* v. *Raymond*, 291 Mich 426. For cases in which injunctive relief was granted, but in which the reasoning is in harmony with the above cases, see, also, *Conway* v. *Gampel*, 235 Mich 511, and *Portage Township* v. *Full Salvation Union*, 318 Mich 693, in which the Court found nuisance; *Grand Rapids Board of Health* v. *Vink*, 184 Mich 688, and *Glover* v. *Malloska*, 238 Mich 216 (52 ALR 77), in which the Court found interference with property rights or causing of pecuniary loss to plaintiff; and *Building Commission of the City of Detroit* v. *Kunin*, 181 Mich 604 (Ann Cas 1916C, 959), and the *Portage Township Case, supra,* involving statute or ordinance providing for injunctive relief.

Decree below reversed and set aside. Decree may enter here dismissing plaintiff's bill of complaint, with costs to defendant.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.