## TOWNSHIP OF FARMINGTON v. SCOTT.

1. EQUITY—INJUNCTION—NUISANCE—STATUTES.

A court of equity may properly grant an injunction, where an abatable nuisance is asserted by reference to a statute (CL 1948, § 125.271 et seq.).

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Nuisances § 46.
[2] 39 Am Jur, Nuisances §§ 46, 150.
[3] 16 Am Jur 2d, Constitutional Law § 239.
[4] 28 Am Jur, Injunctions §§ 35, 36.
[5-7] 58 Am Jur, Zoning § 14 et seq.

2. NUISANCE—VIOLATION OF ORDINANCE—STATUTES—INJUNCTION.

The legislature may determine by statute that a violation of a township zoning ordinance passed pursuant to the township rural zoning act constitutes a nuisance abatable by injunction (CL 1948, § 125.271 *et seq.*).

3. CONSTITUTIONAL LAW—LEGISLATIVE POWER AS TO DISCRETIONARY WRITS.

The legislature may not command the issuance of a discretionary writ, such as an injunction, and the legislature's use of language seeming to require courts to issue such a writ is construed as authorizing, rather than requiring, such relief (CL 1948, § 125.271 *et seq.*).

4. INJUNCTION—DISCRETION OF COURT—NUISANCE—STATUTES—OPERATION OF BUSINESS IN RESIDENCE ZONE IN TOWNSHIP.

The refusal of trial court to issue an injunction to abate a nuisance arising because defendants were operating a swimming pool supply business on residential property, contrary to township zoning ordinance which had been passed pursuant to the township rural zoning act declaring violation of local ordinance adopted thereunder to be a nuisance per se, *held*, an abuse of discretion, under the circumstances (CL 1948, § 125.271 *et seq.*).

5. TOWNSHIPS — ZONING ORDINANCE — INJUNCTION — OPERATION OF BUSINESS IN RESIDENCE DISTRICT.

Presumptively the township zoning ordinance exclusion of nonconforming businesses from residential districts bears a reasonable relationship to the public health, safety, and welfare, hence, where such an ordinance was not shown to have been unreasonable as applied to property owned by defendant operators of swimming pool supply business in a residential zone in plaintiff township, it was error not to enjoin such activity, since it would constitute a judicial grant of a nonconforming use (CL 1948, § 125.271 *et seq.*).

6. EVIDENCE—REBUTTABLE PRESUMPTIONS—VALIDITY OF TOWNSHIP ZONING ORDINANCE.

Presumption that a township zoning ordinance is valid may be overcome only by clear and satisfactory proof.

7. TOWNSHIPS—ZONING ORDINANCE—PRESUMPTION OF VALIDITY—EVIDENCE—BURDEN OF PROOF.

Property owners' proof that their admittedly technical violation of township zoning ordinance, that of operating a swimming pool supply business in a residential property, was so small,

hidden, and inoffensive to the senses as not to *hurt* anyone *held,* insufficient to sustain their burden of proof to overcome presumption of validity of the ordinance (CL 1948, § 125.271 *et seq.*).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted June 2, 1964. (Calendar No. 6, Docket No. 50,370.) Decided February 2, 1965.

Bill by the Township of Farmington, Oakland County, Michigan, against Fred N. Scott and V. N. Scott, his wife, to enjoin an alleged violation of a township zoning ordinance. Judgment for defendants. Plaintiff township appeals. Reversed and remanded for entry of injunction against defendants.

*Joseph T. Brennan,* for plaintiff.

*Wendell Brown,* for defendants.

SMITH, J. Plaintiff township filed its bill of complaint September 29, 1961, alleging that defendants were operating a swimming pool supply business on residential property, contrary to the township zoning ordinance, passed pursuant to the township rural zoning act, being PA 1943, No 184 (CL 1948, § 125.271 *et seq.* [Stat Ann 1958 Rev § 5.2963(1) *et seq.*]). Based upon the provisions of section 24 of said act, an injunction was sought which was refused by the trial court. Section 24 reads as follows:

"*Uses of land,* and dwellings, buildings or structures, including tents and trailer coaches, used, erected, altered, razed or converted *in violation of any provision of local ordinances or regulations adopted under the authority of this act are hereby declared to be a nuisance per se.* The court shall

order such nuisance abated and the owner and/or
agent in charge of such dwelling, building, struc-
ture, tent, trailer coach or land shall be adjudged
guilty of maintaining a nuisance per se.  The town-
ship board shall in the ordinance enacted under the
authority of this act designate the proper official
or officials whose duty it shall be to enforce the pro-
visions of such ordinance and provide penalties for
the violation thereof."   (Emphasis supplied.)

Despite provisions of said section declaring viola-
tions of local ordinances or regulations adopted un-
der authority of the act to be abatable nuisances,
the trial court ruled that because the admitted viola-
tion in this case did not constitute a nuisance in
fact, injunction was refused.  Plaintiff township
says the trial court erred in refusing the injunction
because the statute clearly authorizes an injunction
where there is a violation of a township zoning
ordinance passed pursuant to the statute.  Defend-
ants concede that they are using their property in
"technical violation" of the zoning ordinance but
claim immunity from statutory enforcement because
use of the property is not of such an offensive nature
as "to hurt anyone", that is, it does not constitute a
nuisance in fact.

In cases involving Act No 184, or its predecessor,
this Court has approved injunctive relief where
an abatable nuisance is asserted by reference to the
statute.  In *Portage Township* v. *Full Salvation
Union,* 318 Mich 693, it was held that where a sim-
ilar statute declared that buildings erected or con-
verted to uses in violation of a township zoning
ordinance were nuisances per se, a court of equity
would enjoin the violator.  In the *Portage Case,* this
Court commented upon similar language of a prior
act as follows (p 703):

"It thus appears that under the specific terms of
the statute the use made by defendants of the prem-

ises in question, and the buildings erected, in violation of the terms of the ordinance, constitute a nuisance per se."

We may restate, therefore, the proposition that the legislature may determine by statute that a violation of a township zoning ordinance passed pursuant to the township rural zoning act constitutes a nuisance abatable by injunction. See *Township of Garfield* v. *Young*, 348 Mich 337; *Village of Port Austin* v. *Parsons*, 349 Mich 629; and *Wolff* v. *Steiner*, 350 Mich 615. See, also, the same conclusion in a reference to said provision of the township rural zoning act discussed in *Bane* v. *Township of Pontiac*, 343 Mich 481.

The trial court in the instant case held, however, as follows:

"Even though the statute herein involved declares violations of zoning ordinances to be nuisances per se and further directs that the court 'shall order such nuisance abated', it is the opinion of this court that if the ordinance is unreasonable under the facts as applied to this case at this time that this court is then under no obligation to enforce the ordinance and the statute at this time, because an injunction is still a discretionary writ, that is, to be issued in the discretion of the court."

While we may agree that the legislature may not command the issuance of a discretionary writ, we take the view, as do other courts, that such language of the statute as would seem to require the courts to issue injunctive writs in such circumstances merely authorizes rather than commands such relief. Injunction should have been granted, therefore, based upon several decisions of this Court, including *Bane* v. *Township of Pontiac*, *supra*, and *Township of West Bloomfield* v. *Chapman*, 351 Mich 606, and *Township of Superior* v. *Reimel Sign Com-*

*pany,* 362 Mich 481. The basis for injunctive relief comes from the case law not from the statute. To refuse it was an abuse of discretion, under the circumstances in this case.

The trial court used the expression in its opinion "that if the ordinance is unreasonable under the facts as applied to this case at this time" then the court could refuse injunction. It is, of course, settled beyond peradventure that a zoning regulation which bears no real and substantial relationship to the public health, safety, morals, and welfare is unreasonable, void, and unenforceable. No citation is necessary. The trial court does not seem to use the term "unreasonable" in its usual sense as applied to zoning. There was no finding that the ordinance itself was arbitrary and confiscatory as applied to defendants' property, only that as used no one was "hurting" presumably from factors such as noxious odors, excessive traffic, et cetera. If the term "unreasonable" was used in that sense that the violation, though proved, was of a nonoffensive variety, then a new way of granting nonconforming uses judicially has been discovered, a practice we cannot sanction. Absent a direct and successful attack on a zoning ordinance as it may apply to a particular property, it is presumed that the exclusion of nonconforming businesses from residential districts bears a reasonable relationship to the public health, safety and welfare. *Northwood Properties Company* v. *Royal Oak City Inspector,* 325 Mich 419.

If the trial court meant, however, by "unreasonable" that the zoning ordinance as applied to defendants' property bore no substantial relationship to the public health, safety, morals, and welfare of the community, then we hold such finding to be unsupported by the record. A municipal zoning ordinance

is presumed to be valid, a presumption which may be overcome only by clear and satisfactory proof. *Paka Corporation v. City of Jackson,* 364 Mich 122. Defendants did not overcome this burden in the instant case. The thrust of their proofs was to the effect that although in "technical violation", the method of operating their business was so small, hidden, and inoffensive to the senses that no one should complain, that is, "no one was hurting." We think on such proofs the presumption of validity was not overcome and hence the ordinance may not be held invalid.

Reversed for the entry of injunction against defendants as prayed. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

BLACK, J., concurred in result.