JEFFREY v CLINTON TOWNSHIP

Docket No. 134170. Submitted July 8, 1992, at Detroit. Decided August 3, 1992, at 9:20 ᴀ.ᴍ.

John and Roseanne Jeffrey, owners of a cougar, brought an action in the Macomb Circuit Court against Clinton Township, seeking an injunction against enforcement of the township's ordinance prohibiting the possession of certain exotic or wild animals. At the time, a criminal action for violation of the ordinance was pending against them in the 41B District Court. The circuit court, Frederick D. Balkwill, J., permanently enjoined the township from enforcing the ordinance with respect to the cougar. The township appealed.

The Court of Appeals *held:*

1. The circuit court abused its discretion in awarding the plaintiffs permanent injunctive relief. Injunctive relief is an extraordinary remedy that should obtain only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury. The plaintiffs did not allege that they lack an adequate remedy at law and did not make a showing that they will be irreparably harmed by the continued pendency of the criminal proceeding in the district court.

2. The issue whether the ordinance is constitutional should be addressed in the first instance by the district court in the criminal case.

Reversed.

Iɴᴊᴜɴᴄᴛɪᴏɴꜱ — Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Eǫᴜɪᴛʏ — Iɴᴠᴀʟɪᴅ Lᴀᴡꜱ — Iʀʀᴇᴘᴀʀᴀʙʟᴇ Iɴᴊᴜʀʏ.

Criminal prosecutions generally cannot be restrained by injunction; however, equity jurisdiction may be invoked for the purpose of obtaining injunctive relief and a determination regarding the constitutionality of an alleged invalid law where the

Rᴇꜰᴇʀᴇɴᴄᴇꜱ

Am Jur 2d, Injunctions §§ 238-240.

Comment Note.—Preconviction procedure for raising contention that enforcement of penal statute or law is unconstitutionally discriminatory. 4 ALR3d 404.

complainant would suffer irreparable injury from the acts of the public officials in its enforcement.

*York, Dolan & Ciaramitaro, P.C.* (by *John A. Dolan*), for Clinton Township.

Before: MURPHY, P.J., and SHEPHERD and T. S. EVELAND,* JJ.

SHEPHERD, J. Plaintiffs brought this action seeking an injunction against enforcement of defendant township's ordinance prohibiting the possession of certain enumerated exotic or wild animals. Plaintiffs own a cougar, which is prohibited by the ordinance. The trial court permanently enjoined the township from enforcing the ordinance against plaintiffs with respect to the cougar they presently own. We reverse.

According to plaintiffs' complaint, they acquired a South American cougar kitten in November 1987. At that time, the pertinent township ordinance required that such animals be kept in a "suitable cage or land formation sufficient to prohibit direct or indirect contact with the public." The ordinance also required the owner of a wild animal to give notice to the township of the kind of animal involved, the propensities of the animal, and other relevant data. The township was empowered to inspect the cage or land formation, to notify appropriate state agencies of inadequacies, and to issue orders reasonably necessary to insure the health, safety, and welfare of the inhabitants of the township. To comply with this ordinance, plaintiffs put bars on the doors and windows of their house. There is no claim that plaintiffs violated the ordinance in effect at the time they acquired the cougar.

* Circuit judge, sitting on the Court of Appeals by assignment.

In June 1989, the ordinance was superseded by the one at issue herein, Clinton Township Ordinance No. 280, which provides in pertinent part:

Section 2. *Definitions*
As used in this ordinance:

*    *    *

(b) "Exotic or Wild Animal" means a wild animal not occurring naturally, either presently or historically in this state.

*    *    *

Section 3. *Animals Excluded*
(1) Except as otherwise provided in this Section, it is unlawful in this township for a person to possess, breed, exchange, buy, sell, or attempt or offer to buy or sell, the following exotic or wild animals:

*    *    *

(e) Cats (wild family including but not limited to bobcat, cheetah, cougar, jaguar, leopard, lion, lynx, mountain lion, panther, puma, tiger) . . . .

*    *    *

(2) A person who owns an exotic or wild animal listed in subsection (1) on the effective date of this ordinance shall within thirty (30) days of the effective date of this ordinance remove the animal from the township.

*    *    *

Section 5. *Penalties*
A person who violates this ordinance is guilty of a misdemeanor, punishable by imprisonment in the county jail for a term not to exceed 90 days or a fine not to exceed $500.00 or both, in the discretion of the court.

Section 6. *Nuisance Per Se*
Any continuing violation or a repeated violation of this ordinance shall constitute a nuisance per se and may be abated by an action in circuit court separately or in addition to criminal proceedings.

At an April 19, 1990, hearing, defendant's counsel indicated that plaintiffs were given a notice to remove their animal from the township on August 19, 1989. Plaintiffs did not comply and, again according to defendant's attorney, a warrant was requested in November 1989. Plaintiffs were cited for violating the ordinance, and, according to plaintiffs' trial brief, trial on that charge was set for April 19, 1990, in the district court. The complaint in this case was filed on April 18, 1990, and a temporary restraining order was issued that day restraining defendant from enforcing the ordinance against plaintiffs. At a show cause hearing on April 19, 1990, the trial court in this case entered a preliminary injunction. On August 23, 1990, the trial court entered its opinion and order permanently enjoining defendant from enforcing the ordinance against plaintiffs. A subsequent order clarifies that the injunction applies only to plaintiffs herein and with respect to the cougar they purchased in November 1987. The injunction was based on estoppel, the court's finding that the ordinance was an ex post facto law, and the court's finding that the ordinance conflicted with pending state legislation.

On appeal, defendant argues that "criminal prosecutions are precluded from being enjoined." This is an overstatement. Nonetheless, we agree that injunctive relief was improper in this case.

Granting injunctive relief is within the sound discretion of the trial court. *Holland v Miller,* 325 Mich 604, 611; 39 NW2d 87 (1949); *Holly Twp v Dep't of Natural Resources (On Rehearing),* 194 Mich App 213, 216; 486 NW2d 307 (1992). The exercise of this discretion may not be arbitrary, but rather must be in accordance with the fixed principles of equity jurisprudence and the evidence in the case. *Holland, supra,* p 612. Injunctive relief

is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury. *Holly Twp, supra.*

Defendant cites the following cases for the proposition that it is the general rule that criminal prosecutions cannot be restrained by injunction: *Kleinke v Oates,* 187 Mich 548; 153 NW 675 (1915); *Osborn v Charlevoix Circuit Judge,* 114 Mich 655; 72 NW 982 (1897); *Society of Good Neighbors v Groat,* 77 F Supp 695 (ED Mich, 1948). Defendant fails, however, to discuss cases applying an exception to this general rule. See, e.g., *Ritchie v Hamtramck,* 340 Mich 284; 65 NW2d 732 (1954).

In *Ritchie,* our Supreme Court recognized the general rule stated in *Osborn,* but noted that an exception to this general rule was made in *Michigan Salt Works v Baird,* 173 Mich 655; 139 NW 1030 (1913):

> Equity has jurisdiction to interfere, by injunction, in a case where public officials are proceeding illegally and improperly under a claim of right, where it is alleged, as in the instant case, that the complainant thereby suffers irreparable injury. [*Ritchie, supra,* p 288, citing *Baird, supra,* p 662.]

The irreparable injury referred to must result from the acts of the public officials in enforcing the allegedly invalid law. *Diggs v State Bd of Embalmers & Funeral Directors,* 321 Mich 508, 514; 32 NW2d 728 (1948). In *Diggs,* our Supreme Court commented:

> This Court has repeatedly held that in cases where an irreparable injury will result from the acts of public officials in attempting to proceed under an invalid law, the jurisdiction of equity may be invoked for the purpose of obtaining in-

junctive relief and a determination as to the constitutionality of the statute that is involved. [*Id.*]

In this case, plaintiffs' alleged irreparable injury consists only of the feared loss of the cougar if the ordinance is enforced. Plaintiffs do not allege that they lack an adequate remedy at law. To understand the requirements of an irreparable injury and no adequate remedy at law, we may look to *Baird, supra.* In that case, the plaintiff, Michigan Salt Works, apparently had not violated the statute at issue. The plaintiff argued that injunctive relief was proper, and the Supreme Court agreed:

> Referring to the contention of defendants that complainant has a full, adequate, and complete remedy at law, it is true that it has a legal remedy. It may refuse to comply with the provisions of the act in question, and so expose itself and its responsible officers to prosecution under the act. Upon such prosecution, it may set up, in its defense, the alleged unconstitutionality of the law; and, if upheld in its contention, it will escape punishment either by way of fines or imprisonment. But suppose complainant should be illy advised, and upon final adjudication it is determined that the law is valid, it then becomes liable to all the penalties provided by the statute.
>
> If a year should be consumed in reaching a legal determination of the question, this complainant, according to the averments in the bill, would (in the event of an adverse decision) be liable to fines aggregating more than $200,000, besides a possible term of imprisonment for some one or more of its responsible officers. [*Baird, supra,* pp 660-661.]

In this case, plaintiffs had already violated the statute and criminal proceedings had been commenced before they brought this action. Plaintiffs have made no showing that they will be irreparably harmed by the continued pendency of the

criminal proceeding in district court, other than that they would be subject to the penalties for violating the ordinance. If the circuit court had upheld the ordinance or refused to enjoin its enforcement, plaintiffs would still be subject to the same penalties because the acts giving rise to the violation have already been completed. Under these circumstances, plaintiffs are not entitled to a determination in a forum other than the district court. The circuit court abused its discretion in awarding plaintiffs permanent injunctive relief. *Holly Twp, supra.*

We do not address the merits of the constitutionality of the ordinance. To do so would violate our holding that this issue should have been addressed in the first instance by the district court in the criminal case.

Reversed.