,     LYON CHARTER TOWNSHIP v LAZECHKO

Docket No. 130786. Submitted June 15, 1992, at Detroit. Decided
    December 29, 1992, at 9:35 A.M.

Lyon Charter Township brought an action in the Oakland Circuit
    Court against junkyard owners Harry and Connie Lazechko,
    seeking to enjoin them from using part of their property in the
    junkyard operations that was within three hundred feet of
    Griswold Road. The plaintiff alleged a violation of a municipal
    ordinance that prohibits such use. The court, Barry L. Howard,
    J., found immediate and irreparable harm unlikely and refused
    to grant an injunction, but subjected the defendants' use to
    certain restrictions. The plaintiff appealed.

    The Court of Appeals *held:*

    The trial court abused its discretion in denying an injunction.
    In failing to determine the constitutionality of the setback
    requirement in the ordinance, the trial court essentially sanc-
    tioned a nonconforming use without the benefit of proceedings
    in the township planning department and zoning board. Such
    action was beyond the court's equitable powers.

    Reversed.

    JANSEN, P.J., dissenting, stated that, although it was unclear
    which of two ordinances the plaintiff sought to enforce against
    the defendants, neither was applicable because the first and
    former ordinance did not require a three-hundred-foot setback
    and the second and current ordinance requires a three-hun-
    dred-foot setback in residential districts only, not in general
    agricultural districts such as that abutting the defendants'
    junkyard. Denial of the injunction should have been affirmed.

*Terrance E. Klump,* for the plaintiff.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses*
(by *C. Robert Wartell* and *Julie Chenot Mayer*), for
the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and
CORRIGAN, JJ.

MICHAEL J. KELLY, J. Plaintiff, Charter Township of Lyon, appeals as of right from a June 25, 1990, Oakland Circuit Court order denying its request for injunctive relief against defendants, junkyard owners Harry and Connie Lazechko.

On appeal, plaintiff contends that the trial court erred in striking, ad hoc, the township's three-hundred-foot-setback requirement that prohibits the use of property as a junkyard within three hundred feet of any residential district. Plaintiff asserts that the trial court erred in denying its request for an order enjoining defendants from utilizing that portion of their property that is located within three hundred feet of Griswold Road as a junkyard. We agree with plaintiff.

Granting injunctive relief is a matter committed to the discretion of the trial court. *Jeffrey v Clinton Twp,* 195 Mich App 260, 263-264; 489 NW2d 211 (1992); *Ins Comm'r v Michigan State Accident Fund Advisory Bd,* 173 Mich App 566, 578; 434 NW2d 433 (1988). Injunctive relief, an extraordinary remedy, is granted only when (1) justice requires it, (2) there is no adequate remedy at law, and (3) there exists a real and imminent danger of irreparable injury. *Jeffrey, supra.*

We hold that the trial court abused its discretion in refusing to enjoin the defendants' encroachment.

We do not believe that the confusion engendered by the township commission's apparent misapprehension of the applicability of its amended ordinance should have determined the outcome in this case of the question whether the three-hundred-foot setback, which existed from the defendant's move on May 6, 1983, until the court's order of April 24, 1990, was such an onerous imposition on the defendants as to "constitute abuse of the discretion of the zoning board." The trial court erro-

neously implied that the defendants may use, i.e., have the right to use, the three-hundred-foot setback simply because it was not an expressly mandated perimeter in the ordinance. The 1983 ordinance provided in part:

> The Planning Commission and Township Board may impose such conditions or limitations in granting approval as may, in its judgment, be necessary to fulfill the spirit and purpose of this ordinance.

Obviously, the township authorities later codified that a three-hundred-foot setback for such an undesirable use as a junkyard was appropriate and in fact compelling, but that action does not establish a corollary that a three-hundred-foot setback was inappropriate under the earlier ordinance. Certainly, the defendants consented to and acquiesced in a three-hundred-foot setback requirement as a condition of the board's approval. They constructed a solid wood fence three hundred feet from Griswold Road, and at various times between 1983 and 1989, when they were ticketed for storing parts of junk vehicles in front of the fence, they satisfied the tickets and removed the offending parts.

The conflict between the competing interests of the parties should have been decided by resolving whether the three-hundred-foot setback requirement was unconstitutional as a *condition* in view of the fact that it had been agreed to by the parties, or at least acquiesced in by defendants for several years. The court overturned the status quo that had existed for five years, permitting the defendants to extend the junkyard use from their fence over an open space or greenbelt between residential dwellings without deciding the larger

question whether the three-hundred-foot setback, if imposed as a condition precedent to the granting of the use, was a constitutional and proper exercise of the zoning authority of the township under its police power to regulate the health and welfare of the community.

According to the stipulated statement of facts, defendants, in their application, agreed to the three-hundred-foot setback and agreed to erect a fence thereon. They erected such a fence and largely abided by the setback requirement between 1983 and 1989. On October 10, 1988, they sought expansion and applied for a variance to permit them to extend the junk vehicle use into the three-hundred-foot setback area. The application was denied, but in 1989, defendants again encroached in the setback area. The township filed suit, and on September 20, 1989, the court entered a temporary injunction restraining defendants from use of the setback area. Ultimately, trial on the merits was set for April 24, 1990. On that date, the court heard arguments, the parties submitted briefs, exhibits, and the stipulated statement of facts, and the court's order simply determined "that there is no immediate and irreparable harm" and then proceeded to set out site plan requirements, including fences and gates, with the admonition that if defendants failed to comply, their use "may be restricted." The court did not strike down the ordinance, but in effect made an end run around it. Essentially, the court sanctioned a nonconforming use without the benefit of proceedings in the appropriate township planning department and zoning board and the appropriate local appellate mechanisms. This was beyond the court's powers. A court of equity may not abrogate procedural due process. The court held as follows:

The Court finds that, in fact, that there is no immediate and irreparable harm and that, in fact, the use of the 300 feet should be allowed. That to do otherwise under these facts and circumstances would constitute abuse of the discretion of the Zoning Board and also the ordinance [sic].

However, the Court is mindful that the Township has a legitimate right to ensure the safety and welfare of its community.

Accordingly, it is the decision of this Court that the Defendants may use and have the right to use that 300 feet conditioned on the following. If they do not satisfy those conditions, they will be in violation of the order.

There follows three paragraphs of topographical, engineering, access, planning, and site restrictions. We are not enlightened with respect to the source of these engineering refinements, and we do not find the court's inherent equity powers so extensive as to permit it to function as a judicial zoning appeal board. *Farmington Twp v Scott,* 374 Mich 536; 132 NW2d 607 (1965).

Reversed.

CORRIGAN, J., concurred.

JANSEN, P.J. *(dissenting).* I respectfully dissent. I cannot conclude that the trial court abused its discretion in refusing to enjoin the conduct of defendants as requested by plaintiff. The trial court noted that there was "some question as to what [ordinance] is applicable to this property owner [defendants]." The court, mindful of the health, safety, and welfare of affected citizens, then balanced the legitimate needs of plaintiff and those of a property owner "to be able to do and to conduct business and to have the use of his property." The court concluded that "there is no immediate and irreparable harm and that, in fact, the

use of the 300 feet should be allowed. That to do otherwise under the facts and circumstances would constitute [an] abuse of the discretion of the Zoning Board and also the ordinance."

I first note, as acknowledged by the trial court and the parties, that there exists a dispute concerning whether the planning commission reviewed and approved defendants' site plan under the "old" 1968 ordinance or under the "new" 1983 ordinance. I am of the opinion that approval was granted pursuant to the old ordinance. This conclusion is supported by the stipulated statement of facts and the minutes of the June 20, 1983, commission meeting, which state that defendants applied for site plan approval under the old ordinance rather than the new ordinance. However, such an opinion is not determinative, because I conclude that defendants' use of their property, as alleged by plaintiff, is not violative of either the old or the new ordinance.

The rules governing construction of statutes also govern construction of ordinances. *Albright v City of Portage,* 188 Mich App 342, 350-351, n 7; 470 NW2d 657 (1991); *Settles v Detroit City Clerk,* 169 Mich App 797, 808; 427 NW2d 188 (1988). A word or phrase in a statute, or in this case an ordinance, is to be given its plain and ordinary meaning. *Nat'l Exposition Co v Detroit,* 169 Mich App 25, 29; 425 NW2d 497 (1988). When the language is clear and unambiguous, judicial construction is neither required nor permitted. *Id.* Such an ordinance must be applied, and not interpreted, because it speaks for itself. *Id.*

As stated in the stipulated statement of facts, the "old" ordinance provided, in pertinent part, that the junkyard be enclosed by an eight-foot obscuring fence and that no property line of the junkyard form the exterior boundary of an M-2

district. It is patently clear that the "old" ordi-
nance contains no three-hundred-foot setback re-
quirement. The township represented to defen-
dants, before their initial application for site plan
approval on May 16, 1983 (and before the May 27,
1983, effective date of the "new" ordinance), that
"the erection of the fence three hundred (300) feet
from Griswold Road was required by the applica-
ble ordinance."

In reliance on this representation, defendants
agreed to, and did in fact, erect a fence three
hundred feet from Griswold Road. It is clear that
in agreeing to construct the fence, defendants
relied on the township's representation that the
law required the erection of such a fence. Clearly
this was not the case, because the "old" ordinance
contained no such requirement. I am of the opin-
ion that defendants were not required to abide by
the three-hundred-foot setback requirement pursu-
ant to the "old" ordinance.

Plaintiff points to two additional sections of its
ordinance as authority for imposing the three-hun-
dred-foot setback condition on defendants. How-
ever, after reviewing these sections, I conclude
that they do not grant plaintiff the authority it
claims. The first section merely states what the
"purpose of Site Plan and Development approval is
. . . ." The second section allows the planning
commission and township board to "impose such
conditions or limitations in granting approval as
may, in its judgment, be necessary to fulfill the
spirit and purpose of this ordinance." I am of the
opinion that this section is invalid, because it fixes
no standard for the approval or disapproval of a
site plan. There exists no reasonable standard for
the imposition of such conditions and limitations,
except for necessity as determined by the "judg-
ment" of the planning commission and the town-

ship board. See *Osius v St Clair Shores,* 344 Mich
693, 698; 75 NW2d 25 (1956); *Orion Twp v Weber,*
83 Mich App 712, 719; 269 NW2d 275 (1978).

Turning to the "new" ordinance, I again con-
clude that defendants' use of their property was
not in contravention of the ordinance. The "new"
ordinance provides, in part, that the usage of
property as a junkyard shall not be allowed within
three hundred feet of any "residential district,"
and the storage area of a junkyard must be ob-
scured from public view and entirely enclosed by
an eight-foot obscuring wall.

It is undisputed that the area across the street
from defendants' property is zoned "AG" or "Gen-
eral Agricultural District." Pursuant to the clear,
unambiguous terms of the "new" ordinance, defen-
dants are not subject to the three-hundred-foot
setback requirement because their property is not
within three-hundred feet of a "residential dis-
trict." The language of the ordinance is clear and
unambiguous and, therefore, judicial construction
is neither required nor permitted. *National Exposi-
tion Co, supra.* I would apply the ordinance as
written. *Id.*

I also find without merit plaintiff's argument
that the general agricultural district is a holding
pattern for residential development. Section 400 of
the ordinance provides that "[t]he AG General
Agricultural District is applicable to those areas of
the Township which are not expected to be devel-
oped for urban uses in the foreseeable future."
Given the clear, unambiguous character of the
"new" ordinance, it is my conclusion that the
three-hundred-foot setback requirement is inappli-
cable to these defendants.

I would hold that the trial court did not abuse
its discretion in denying plaintiff the injunctive

relief it sought. Additionally, the trial court's resolution of this case, given the existing facts, was fair and equitable. I would affirm the order of the lower court.