UNITED STATES *v.* CITY OF DETROIT.

1. TAXATION—USE OF TAX-EXEMPT PROPERTY BY PROFIT CORPORATION. Imposition of tax was intended to be upon "the lessee or user" of tax-exempt property, where such intention clearly appears from the title and elsewhere in body of statute relating to use of tax-exempt property by an individual, association or corporation in connection with business conducted for profit (PA 1953, No 189).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 539 *et seq.*
[2, 3] 51 Am Jur, Taxation § 218 *et seq.*

2. SAME—ECONOMIC BURDEN—LEGAL INCIDENCE—UNITED STATES.

It is no barrier to the validity of a tax that the economic burden of the tax, as distinguished from its legal incidence, falls on the United States (PA 1953, No 189).

3. SAME—TAX UPON USER OF TAX-EXEMPT PROPERTY FOR PROFIT—MEASURE OF TAX.

A tax upon a lessee's or user's use of tax-exempt property, owned by the United States, but used in connection with the conduct of a business for profit, is not aimed at the property but the use thereof, even though the full value of the property is used in order to determine the amount of the tax (PA 1953, No 189).

4. SAME—TAX UPON USER OF TAX-EXEMPT PROPERTY FOR PROFIT—VALUE—CONSTITUTIONAL LAW.

The fact that the cash value of the entire fee simple interest is used in the admeasurement of a tax upon the lessee or user of tax-exempt property in connection with a business conducted for profit instead of the cash value of the leasehold interest is not contrary to provision of the State Constitution requiring that ad valorem taxes be upon the cash value of the property assessed, since such provision of the Constitution is inapplicable to the tax involved (Const 1908, art 10, § 7; PA 1953, No 189).

Appeal from Wayne; Dehnke (Herman) J., presiding. Submitted April 3, 1956. (Docket No. 8, Calendar No. 46,702.) Decided May 14, 1956. Application for certiorari filed in the Supreme Court of the United States on October 8, 1956.

Action by the United States of America and Borg-Warner Corporation (Detroit Gear Division), an Illinois corporation, against the City of Detroit, a municipal corporation, to recover sums paid under protest for tax assessed against lessee and user of tax-exempt real estate. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Glenn M. Coulter,* for plaintiff Borg-Warner Corporation.

*Charles K. Rice,* Acting Assistant Attorney General, *Lee A. Jackson* and *Lyle M. Turner,* Attorneys, Department of Justice, *Fred W. Kaess,* United States Attorney, and *John L. Owen,* Assistant United States Attorney, for plaintiff United States.

*Paul T. Dwyer,* Corporation Counsel, and *Bert R. Sogge, Julius C. Pliskow* and *Roger P. O'Connor,* Assistants Corporation Counsel, for defendant.

DETHMERS, C. J.  The United States owns real estate consisting of an industrial plant, building and grounds in Detroit.  A portion of it is leased to plaintiff Borg-Warner Corporation, which uses it exclusively for manufacturing purposes in its business conducted for profit.  The lease provides that Borg-Warner may deduct from rent to United States any taxes assessed against and paid by Borg-Warner under PA 1953, No 189 (CLS 1954, §§ 211.181, 211.-182 [Stat Ann 1955 Cum Supp §§ 7.7(5), 7.7(6)]), by reason of its use of the premises, that it will co-operate with United States to contest validity of such taxes and pay same under protest, if required by United States, and that it will repay United States any such taxes refunded.

PA 1953, No 189 reads:

"An act to provide for the taxation of lessees and users of tax-exempt property.
"*The People of the State of Michigan enact:*
"Sec. 1.  When any real property which for any reason is exempt from taxation is leased, loaned or otherwise made available to and used by a private individual, association or corporation in connection with a business conducted for profit, except where the use is by way of a concession in or relative to the

use of a public airport, park, market, fair ground or similar property which is available to the use of the general public, shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of such property: Provided, however, That the foregoing shall not apply to Federal property for which payments are made in lieu of taxes in amounts equivalent to taxes which might otherwise be lawfully assessed or property of any State-supported educational institution.

"Sec. 2. Taxes shall be assessed to such lessees or users of real property and collected in the same manner as taxes assessed to owners of real property, except that such taxes shall not become a lien against the property. When due, such taxes shall constitute a debt due from the lessee or user to the township, city, village, county and school district for which the taxes were assessed and shall be recoverable by direct action of assumpsit."

Under the act the taxing authorities of defendant city imposed a tax on Borg-Warner, measured by the true cash value of the leased real estate. Borg-Warner paid the first half of the tax under written protest and this action was brought to recover it. From judgment of no cause for action, plaintiffs appeal.

Plaintiffs contend that PA 1953, No 189, provides for an ad valorem general property tax on real property owned by United States and is, therefore, repugnant to the Constitution of the United States, which impliedly grants immunity from State and local taxation to property of United States. Defendant counters with the contention that it is a specific tax on Borg-Warner's privilege of using the property, which tax may, constitutionally, be measured by the full value of that property.

Plaintiffs believe that *United States* v. *Allegheny County*, 322 US 174 (64 S Ct 908, 88 L ed 1209), is controlling, urge that under decision in that case the

tax in the instant case must be held to be on United States property, and quote from opinion therein (p 189):

. "We hold that government-owned property, to the full extent of the government's interest therein, is immune from taxation, either as against the government itself or as against one who holds it as a bailee."

In that case Mesta Machine Company undertook to make guns for United States. It owned a manufacturing plant which was not equipped for manufacture of ordnance. United States leased necessary machinery to Mesta, which installed it in its plant. Allegheny County, in assessing Mesta's real property for ad valorem taxes, included the value of the machinery. This the court held unconstitutional as constituting imposition of a tax on immune property of United States. The court said, *inter alia* (pp 184–188):

"It is not contended that the scheme of taxation employed by Pennsylvania is anything other than the old and widely used ad valorem general property tax. * * * This form of taxation is not regarded primarily as a form of personal taxation but rather as a tax against the property as a thing. Its procedures are more nearly analogous to procedures *in rem* than to those *in personam*. While personal liability for the tax may be and sometimes is imposed, the power to tax is predicated upon jurisdiction of the property, not upon jurisdiction of the person of the owner, which often is lacking without impairment of the power to tax. In both theory and practice the property is the subject of the tax and stands as security for its payment.

"The Pennsylvania statutes embody this scheme of taxation. They are a century old. The basic provision reads: 'The following *subjects and property* shall * * * be valued and assessed, and *subject to taxation.*' Taxes are 'declared to be a

*first lien on said property.'* (Emphasis supplied.)
It is only under these legislative provisions that the
tax in question is laid.

"The procedure of the assessors is consistent with
no other theory than that the machinery itself was
being assessed and taxed exactly as land was being
assessed and taxed.  *  *  *

"We hold that the substance of this procedure is to
lay an ad valorem general property tax on property
owned by the United States.  *  *  *

"Mesta has some legal and beneficial interest in
this property. It is a bailee for mutual benefit.
Whether such a right of possession and use in view
of all the circumstances could be taxed by appro-
priate proceedings we do not decide.  *  *  *    . . .

"We think, however, that the government's prop-
erty interests are not taxable either to it or to its
bailee. The 'government' is an abstraction, and its
possession of property largely constructive. Actual
possession and custody of government property
nearly always are in someone who is not himself
the government but acts in its behalf and for its
purposes. He may be an officer, an agent, or a con-
tractor. *His personal advantages from the relation-
ship by way of* salary, profit, or *beneficial personal
use of the property may be taxed as we have held.*
But neither he nor the government can be taxed for
the government's property interest." (Emphasis
supplied.)

We agree with defendant that *Allegheny* is dis-
tinguishable from the instant case in controlling
respects. To begin with, the hiatus in section 1 of
PA 1953, No 189, resulting from failure to express
the subject of the predicate "shall be subject to taxa-
tion," which had been expressed in the bill as passed
in the House, was apparently occasioned by inad-
vertent omission in the Senate. That subject was
clearly intended to be, as in the House draft, "the
lessee or user of such property." This is evident
from the title of the act as well as from section 2,

which provides that the taxes shall be assessed to the lessees or users of real property. Thus, the Michigan act provides that it is the users of tax-exempt property who shall be subject to taxation, as contrasted with the Pennsylvania act considered in *Allegheny*, which provided that certain property should be subject to taxation. In further contrast with *Allegheny*, and stated in the converse of the language therein, the tax at bar is a form of personal taxation and not a tax against the property as a thing—its procedures are more analogous to procedures *in personam* than *in rem*—the power to tax is not predicated upon jurisdiction of the property, but upon jurisdiction of the user—the property is not the subject of the tax and does not stand as security for its payment. These distinctions between *Allegheny* and the case at bar we think go to the roots of the problem of the nature of the taxes in the 2 cases and leave the holding in *Allegheny* that the tax there was on United States property without application here.

In *Educational Films Corporation of America* v. *Ward*, 282 US 379 (51 S Ct 170, 75 L ed 400, 71 ALR 1226), the court upheld a New York franchise tax on certain classes of domestic corporations, payable each year in advance and measured by the corporation's entire net income of the preceding year, which, in the case of plaintiff therein, was derived, in part, as royalties from copyrights granted by the United States. The court held that, assuming Federal copyrights and income therefrom to be immune from State taxation as instrumentalities of the Federal government, the franchise tax in question insofar as measured by royalties from copyrights was not void as a tax on Federal instrumentalities. In so holding the court said (p 388):

"If we look to the operation of the present statute, it is plain that it can have no application independent

of the corporation's enjoyment of the privilege of exercising its franchise. If appellant had ceased to do business before November 1, 1929, it would not have been subject to any tax under this statute, although it had received, during its preceding fiscal year, income which the statute makes the measure of the tax. Since it can be levied only when the corporation both seeks or exercises the privilege of doing business in one year and has been in receipt of net income during its preceding fiscal year, the tax, whatever descriptive terms are properly applicable to it, obviously is not exclusively on income apart from the franchise."

Applying the test of the quoted language here, it is plain that PA 1953, No 189, can have no application independent of Borg-Warner's enjoyment of the privilege of using the real estate in connection with its business conducted for profit, and that the tax is, therefore, not an ad valorem tax on real property of United States and void accordingly, but a specific tax on Borg-Warner's privilege of using it and, hence, valid. This squares with the above-quoted language from *Allegheny* to the effect that Mesta enjoyed a right of possession which the court seemed to suggest, without deciding, could be taxed by the State, and the further statement that it had theretofore held that a contractor's personal advantages from the beneficial personal use of United States property may be taxed by a State. That the economic burden of the tax, as distinguished from its legal incidence, happens to fall on United States is no barrier to its validity. *James* v. *Dravo Contracting Co.,* 302 US 134 (58 S Ct 208, 82 L ed 155, 114 ALR 318); *Alabama* v. *King & Boozer,* 314 US 1 (62 S Ct 43, 86 L ed 3, 140 ALR 615); *Esso Standard Oil Co.* v. *Evans,* 345 US 495 (73 S Ct 800, 97 L ed 1174).

Plaintiffs say, however, that even if PA 1953, No 189, stated in express terms that it was imposing a

specific tax on the privilege of using the immune United States property, still it would be unconstitutional because the full value of the property is used as the measure in assessing the tax, thus evidencing a legislative intent to accomplish indirectly what may not be done directly, namely, to tax property of the United States.   In this connection they cite *Pittman* v. *Home Owners' Loan Corp.*, 308 US 21 (60 S Ct 15, 84 L ed 11, 124 ALR 1263); *Federal Land Bank of New Orleans* v. *Crosland*, 261 US 374 (43 S Ct 385, 67 L ed 703, 29 ALR 1); *New Jersey Realty Title Insurance Co.* v. *Division of Tax Appeals*, 338 US 665 (70 S Ct 413, 94 L ed 439); *Missouri, ex rel. Missouri Insurance Co.*, v. *Gehner*, 281 US 313 (50 S Ct 326, 74 L ed 870). Plaintiffs say that, however phrased, the act is, in fact, aimed at and intended to reach the property of United States in a manner held invalid in *Macallen Co.* v. *Massachusetts*, 279 US 620 (49 S Ct 432, 73 L ed 874, 65 ALR 866); and *Miller* v. *Milwaukee*, 272 US 713 (47 S Ct 280, 71 L ed 487). We come, then, to the same position confronted by the court in *Educational Films Corporation of America* v. *Ward, supra*, when it said (p 388):

"Hence, we pass to the chief objection urged against it, that such a tax, however described, and even though deemed to be a tax on franchises, is invalid so far as it is measured by income derived from a Federal instrumentality."

Consider, then, these cases cited by plaintiffs.   Involved in the *Pittman* and *Federal Land Bank Cases* were State taxes imposed on mortgages owned by Federal instrumentalities.   In the *New Jersey Insurance Company Case* a New Jersey statute was considered which provided for an intangible personal property tax which in that case had been assessed against tax-exempt United States bonds held by a domestic corporation, the court pointing out

that the tax was not considered by the New Jersey legislature or taxing authorities as a privilege or franchise tax. Likewise, in *Missouri, ex rel. Missouri Insurance Co.,* v. *Gehner* the tax was on net assets of insurance companies, including ex.empt United States bonds held by them. In *Miller* v. *Milwaukee* the Wisconsin statute involved required a Wisconsin corporation to pay a ·tax on its income, excepting the portion thereof received from United States bonds. The income was later distributed as dividends to stockholders. The Wisconsin statute taxed the stockholders on such dividends only to the extent that they represented income of the corporation derived from tax-exempt United States bonds. The court held the tax on stockholders to that extent void because it was aimed solely at exempt income from United States bonds. The *Macallen Case* presented an amendment to a State taxing act which was held invalid because its sole purpose was to reach income from tax-exempt United States bonds. In none of these cases was the object of the tax nor the legislative purpose sought to be served the same as at bar. As defendant in the instant case properly points out, lessees of private nontax-exempt real estate ordinarily bear the tax burden thereon either by direct payment thereof under lease requirements or by payment of rent sufficient to include the tax; and defendant reasons that the legislative intent here was to put such lessees of private property used by them in business conducted for profit on an equal footing with users of tax-exempt government property used by them in business conducted for profit, thus avoiding discrimination against the former and eliminating an element of unfair competition between them by requiring an equal tax burden as to both; and defendant urges that this does not evidence an intent on the part of the legislature to aim at or reach United States property for taxation but only to treat both

classes of users equally. It is obvious that each of the cases cited by plaintiffs, as just above considered, is distinguishable from the instant case because in each of them either a local tax was sought to be imposed directly on immune property or income as such, or the sole purpose of the tax act was to reach it indirectly, whereas here, as previously considered, the tax is not on the immune property but on the privilege of using it, and the act imposing it is not aimed at that property but, rather, at removing a discrimination between users of private and of public property. That such a privilege tax is not only permissible, as appears from the *Allegheny* and *Educational Films Cases* above considered, but that it is valid even though measured by the full value of the immune property or income is settled by *Plummer* v. *Coler,* 178 US 115 (20 S Ct 829, 44 L ed 998); *Home Insurance Co.* v. *New York State,* 134 US 594 (10 S Ct 593, 33 L ed 1025); *Educational Films Corporation of America* v. *Ward, supra; Flint* v. *Stone Tracy Co.,* 220 US 107 (31 S Ct 342, 55 L ed 389, Ann Cas 1912B, 1312); *Pacific Co.* v. *Johnson,* 285 US 480 (52 S Ct 424, 76 L ed 893). In *Plummer* a State inheritance tax was upheld even though measured by the full value of tax-exempt United States bonds included in a bequest. In *Home Insurance Company* the court upheld a corporate franchise tax measured by the corporation's dividends and capital stock, including the full value of tax-exempt United States securities held by the corporation. In *Flint* and in *Pacific* corporate franchise taxes were upheld which were measured by income derived, in part, from tax-exempt United States securities. In *Educational Films Corporation of America* v. *Ward, supra,* the court upheld a corporate franchise tax measured by immune income from Federal copyrights. In each of these cases the privilege tax was

held valid despite use of a measure which included the full value of immune property or income.

Plaintiffs also urge that PA 1953, No 189, violates Const (1908), art 10, § 7, in imposing against a lessee an ad valorem tax not based on the cash value of his leasehold but of the entire fee simple interest of the owner. Holding, as we do, that the tax imposed is not ad valorem on the property nor on the leasehold, but a specific tax on the privilege of using the property, the mentioned constitutional provision is without application. *Shivel* v. *Kent County Treasurer,* 295 Mich 10. See, also, *Walcott* v. *People,* 17 Mich 68; and *Kitson* v. *Ann Arbor,* 26 Mich 325.

Affirmed, with costs to defendant.

SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.