AMERICAN TITLE INSURANCE COMPANY v CITY OF DETROIT

Docket No. 47642. Submitted October 14, 1980, at Detroit.—Decided
January 6, 1981.

American Title Insurance Company, a foreign insurance com-
pany, pays a monthly fee to the County of Wayne for the
nonexclusive use of certain office space located in the City-
County Building in the City of Detroit. In 1978, the City of
Detroit assessed that property pursuant to a statutory provision
permitting property tax assessments against businesses con-
ducted for profit which lease or otherwise use property which is
exempt from taxation. American Title petitioned the Michigan
Tax Tribunal, arguing that such an assessment on the office
space in the City-County Building was improper by reason of a
provision in the Insurance Code which provides for a specific
tax on the premiums of foreign insurance companies in lieu of
all other taxes except for real estate taxes on property owned
by the insurance company within the state. The City of Detroit
argued that the General Property Tax Act provision controlled
and the assessment for taxation of that office space was proper.
The hearing referee affirmed the assessment. Upon review by
the Tax Tribunal, the referee's decision was vacated and the
assessment was declared to be void. The City of Detroit appeals
as of right. *Held:*

Since the purpose of the General Property Tax Act provision
providing for the imposition of a tax equal to the property tax
payable if the tax exempt property was owned by a business
conducted for profit was to eliminate any unfair advantage by
such business over its competition, and since under these
circumstances no such unfair advantage exists, the legislative
intent expressed in both statutes is satisfied by holding that the
specific tax of the Insurance Code controls. The order of the
Tax Tribunal vacating the assessment, accordingly, was proper.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTE

[1] 43 Am Jur 2d, Insurance § 83.
71 Am Jur 2d, State and Local Taxation §§ 336 *et seq.,* 353.

TAXATION — INSURANCE — FOREIGN INSURANCE COMPANIES — LEASED
PROPERTY — TAX EXEMPT PROPERTY — NONEXCLUSIVE USE —
STATUTES.

A foreign insurance company subject to the statutory tax based
upon a percentage of the premiums collected in Michigan is not
subject to a statutory provision requiring payment by a busi-
ness conducted for profit of a tax equal to the property tax on
tax exempt property leased or used by such business where the
insurance company pays to a governmental unit a fee for the
nonexclusive use of an area in a building which is tax exempt
by reason of the ownership of the property by the governmen-
tal unit (MCL 211.181[1], 500.440; MSA 7.7[5][1], 24.1440).

*Everett L. Wittmer,* for plaintiff.

*George W. Crockett, Jr.,* Acting Corporation
Counsel, and *Carl Rashid, Jr.,* Assistant Corpora-
tion Counsel, for defendant.

Before: BRONSON, P.J., AND D. E. HOLBROOK, JR.,
and R. M. RANSOM,* JJ.

D. E. HOLBROOK, JR., J. Petitioner, American
Title Insurance Company, pays $2,662 monthly for
the nonexclusive use of an office in the City-
County Building. The City of Detroit appeals as of
right from the decision by the Michigan Tax Tri-
bunal that the petitioner's use of the office is not
subject to taxation. The city contends that MCL
211.181(1); MSA 7.7(5)(1) controls:

"When any real property which for any reason is
exempt from taxation is leased, loaned, or otherwise
made available to and used by a private individual,
association or corporation in connection with the busi-
ness conducted for profit, the lessees or users thereof
shall be subject to taxation in the same amount and to
the same extent as though the lessee or user were the
owner of such property."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*United States v Detroit,* 345 Mich 601; 77 NW2d
79 (1956), states that the legislative intent of the
above statute was to put businesses owning or
leasing private property on an equal footing with
users of tax exempt government property by elimi-
nating any element of unfair competition between
them by requiring an equal tax burden on both.

Petitioner relies on MCL 500.440; MSA 24.1440,
which provides that foreign insurance companies
must pay a tax equal to two percent of the premi-
ums collected in this state. In pertinent part the
statute provides:

"These specific taxes shall be in lieu of all other
taxation, whether state or local, excepting for real
estate owned by insurers within the state."

The petitioner does not own the property at issue.
The words "owned by" have a clear and definite
meaning, *i.e.,* denoting an absolute and unqualified
title. *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 43
Mich App 640, 645; 204 NW2d 749 (1972). The
petitioner does not have an absolute and unquali-
fied title to the subject property. It has a nonexclu-
sive use, and the title is vested in a governmental
entity.

The statutes relied upon by the respective par-
ties initially appear to be in direct conflict *in pari
materia.* One statute creates a specific tax in lieu
of all other taxes except taxes on the ownership of
real property. The other statute provides that
lessees or users of property shall be subject to
taxation as though they were the owner.

In interpreting statutes which cover the same
general material, a fundamental rule is that they
must be construed together to give meaning to
both, if at all possible. *Council No 23, Local 1905,
AFSCME v Recorder's Court Judges,* 399 Mich 1,

10; 248 NW2d 220 (1976). Holding that the Insurance Code provision controls is consistent with the legislative intent of both statutes. In the instant case, petitioner does not possess an unfair advantage over its competition. It pays $31,944 annually for the use of an area which is also utilized by employees of other title insurance underwriters. Petitioner does not escape taxation, as it is required to pay a tax of two percent on all premiums, subject to certain deductions. We agree with the Tax Tribunal that petitioner is exempt from taxation on the subject property.

Affirmed.