CITY OF DETROIT v NATIONAL EXPOSITION COMPANY

Docket No. 70313. Submitted January 10, 1985, at Detroit.—Decided May 7, 1985. Leave to appeal applied for.

In November of 1980, property owned by the defendant, National Exposition Company, was condemned by plaintiff, City of Detroit, for use in an industrial project. The city paid defendant the appraised value of $350,000. Defendant disputed the condemnation award and a trial was thereafter held in the Wayne Circuit Court concerning the valuation of the property. The trial court, George T. Martin, J., entered a judgment for defendant for $472,212, resulting in the city's liability for the difference of $122,212. Defendant then learned that the city intended to withhold from this amount $5,837.65 in unpaid lessee-user taxes and filed a postjudgment motion in the condemnation proceeding seeking a determination of its tax liability. The trial court denied the motion on the ground that the Michigan Tax Tribunal had exclusive jurisdiction over the matter. Defendant's subsequent motion to transfer the case to the tribunal was thereafter granted. Defendant then filed a petition in the tribunal and the city responded with a claim that the tribunal was without jurisdiction because defendant had failed to protest to the Board of Review. The case is still pending before the tribunal. Defendant appealed to the Court of Appeals alleging that the circuit court erred in ruling that it was without jurisdiction to determine its tax liability and in not enjoining the city from withholding the amount of the unpaid taxes from the condemnation award. The Court of Appeals dismissed the defendant's appeal. Defendant then sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the Court of Appeals order dismissing defendant's appeal and remanded to the Court of

REFERENCES FOR POINTS IN HEADNOTES

[1] 72 Am Jur 2d, State and Local Taxation §§ 730, 740, 829, 869, 870.

[1, 4] Availability of tax exemption to property held on lease from exempt owner. 54 ALR3d 402.

[2, 5] 71 Am Jur 2d, State and Local Taxation §§ 5, 70.
27 Am Jur 2d, Eminent Domain §§ 362, 372, 373.

[3] 72 Am Jur 2d, State and Local Taxation §§ 799-801.

[4] 71 Am Jur 2d, State and Local Taxation §§ 208, 209, 220.

Appeals for plenary consideration. 417 Mich 918 (1983). On remand, *held:*

1. The amount of any unpaid lessee-user taxes may be withheld from a condemnation award under the terms of MCL 213.291 where the lessee-user taxes are assessed against a party for the use of certain tax-exempt realty and that party subsequently obtains a condemnation judgment which compensates for the loss of the use of that property.

2. Because this right of setoff is created as a matter of condemnation law, it is within the jurisdiction of the circuit court to initially evaluate a taxing authority's right to withhold unpaid taxes from condemnation awards.

3. The Michigan Tax Tribunal is the appropriate forum where a lessee-user challenges the validity of a tax assessed as contrary to the taxing laws of this state. Therefore, the trial court did not err in transferring the case to the tribunal for a determination of the validity of the taxes collected by the city. On remand, the tribunal should consider this case as a proceeding for a refund or a redetermination of a tax.

4. Nothing in the record supports a finding that the lessee-user taxes imposed by the city in this case constitute a disguised form of rent.

5. The setoff authorized under MCL 213.291 secures an important governmental interest of revenue collection at a fairly insignificant risk to the private property owner inasmuch as the taxpayer is not without other means to dispute the assessment.

Affirmed and remanded to the Tax Tribunal.

1. TAXATION — LESSEE-USER TAXES — ASSUMPSIT.

A lessee-user tax is to be assessed in the same manner that general property taxes are assessed except that it will not create a lien against the underlying realty since the tax constitutes a personal debt on the part of certain lessees or users of tax-exempt realty; the unpaid tax generally will be collected by way of a direct action of assumpsit against the lessee-user, however, alternative methods for the collection of such unpaid taxes may be created by statute (MCL 211.181[1]; MSA 7.7[5][1]).

2. TAXATION — CONDEMNATION AWARDS — SETOFFS — LESSEE-USER TAXES — CIRCUIT COURTS.

The amount of any unpaid lessee-user taxes may be withheld from a condemnation award as a setoff where lessee-user taxes are assessed against a party for the use of certain tax-exempt realty and that party subsequently obtains a condemnation

judgment which compensates for the loss of the use of that property; it is within the jurisdiction of the circuit court to initially evaluate a taxing authority's right to withhold unpaid taxes from condemnation awards (MCL 211.181[1], 213.291; MSA 7.7[5][1], 8.231).

3. TAXATION — TAX TRIBUNAL — JURISDICTION.

The Michigan Tax Tribunal has been vested with exclusive and original jurisdiction over matters relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws (MCL 205.731[a]; MSA 7.650[31][a]).

4. TAXATION — LESSEE-USER TAXES.

A lessee-user tax is imposed by legislative authority and is intended to ensure that lessees of tax-exempt property will not receive an unfair advantage over lessees of privately-owned property (MCL 211.181[1]; MSA 7.7[5][1]).

5. TAXATION — CONDEMNATION AWARDS — SETOFFS.

The statutorily authorized setoff from a condemnation award for delinquent taxes, delinquent special assessments, current taxes and current special assessments which have become due and payable secures an important governmental interest of revenue collection at a fairly insignificant risk to the private property owner (MCL 213.291; MSA 8.231).

*Donald Pailen,* Corporation Counsel, and *Joseph N. Baltimore,* Assistant Corporation Counsel, and *Honigman, Miller, Schwartz & Cohn* (by *Charles H. Tobias* and *William G. Christopher),* for plaintiff.

*Mason, Steinhardt & Jacobs, P.C.* (by *Frederick D. Steinhardt),* for defendant.

Before: M. J. KELLY, P.J., and GRIBBS and M. R. KNOBLOCK,* JJ.

PER CURIAM. This Court's order of June 8, 1982, dismissing the defendant's appeal was vacated and the case was remanded to us from the Supreme Court by order of March 21, 1983, "for plenary

* Circuit judge, sitting on the Court of Appeals by assignment.

consideration". 417 Mich 918 (1983). At issue is the right of the City of Detroit to withhold both delinquent and currently owed lessee-user taxes from condemnation judgments obtained by owners of leasehold property interests condemned for use in the Central Industrial Park Project, commonly known as the Poletown Project. See *Poletown Neighborhood Council v Detroit,* 410 Mich 616; 304 NW2d 455 (1981).

Prior to November of 1980, defendant owned a parcel of realty (No. 1350), apparently improved by an office building used by defendant in its business of servicing and producing trade shows and conventions. In November of 1980, the property was condemned by the city for the Poletown Project and was appraised by the city at $350,000. Following a trial on the valuation of the property, defendant obtained a judgment of $472,212, resulting in the city's liability for the difference of $122,212. Upon learning that the city intended to withhold from this amount $5,837.65 in unpaid lessee-user taxes, defendant filed a postjudgment motion in the condemnation proceeding seeking a determination of its tax liability. The trial court denied the motion on the ground that the Michigan Tax Tribunal had exclusive jurisdiction over the matter. Defendant subsequently moved in circuit court to transfer the case to the tribunal, which motion was granted by order entered July 30, 1982. Defendant then filed a petition in the Tax Tribunal and the city responded with a claim that the tribunal was without jurisdiction because defendant had failed to protest to the Board of Review. Apparently, this case is still pending before the tribunal.

On appeal, defendant essentially argues that the circuit court erred in ruling that it was without jurisdiction to determine the defendant's tax liability and that it erred in not enjoining the city from

withholding the amount of the unpaid taxes from the condemnation award. Since defendant appeals from an order denying its motion for a determination of tax liability, the issue on appeal would appear to be limited to whether a trial court hearing a condemnation trial may determine a party's tax liability. The arguments raised and briefed by the parties on appeal, however, are considerably broader and we decide them only because of the Supreme Court's remand for "plenary consideration".

The lessee-user tax assessed in this case by the city is authorized under MCL 211.181(1); MSA 7.7(5)(1):

"When any real property which for any reason is exempt from ad valorem property taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users of this real property shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of this real property."

This tax is to be assessed in the same manner that general property taxes are assessed except that it will not create a lien against the underlying realty. Generally, the unpaid tax will be collected by way of a direct action of assumpsit against the lessee-user. MCL 211.182; MSA 7.7(6). See also *Detroit v Tygard,* 381 Mich 271; 161 NW2d 1 (1968), and *United States v Detroit,* 345 Mich 601; 77 NW2d 79 (1956), *aff'd* 355 US 466; 78 S Ct 474; 2 L Ed 2d 424 (1958).

Defendant argues that, because the lessee-user tax does not create a lien against the realty, a direct action in assumpsit as provided under the statute creating the tax constitutes the exclusive enforcement remedy available to the city. We

disagree. The lessee-user tax constitutes a personal debt on the part of certain lessees or users of tax-exempt realty. *Detroit v Tygard, supra.* The question here is whether, as defendant contends, a direct action in assumpsit is the only method available to a taxing authority seeking to collect the lessee-user tax.

The city contends that an action in assumpsit is one method of collection and that an alternative method is created under MCL 213.291; MSA 8.231:

"In the case of property taken in any condemnation proceedings, the award shall first be applied to the payment of all delinquent taxes and/or delinquent special assessments and current taxes and current special assessments which have become due and payable."

We agree that this provision creates a method by which the city may collect unpaid lessee-user taxes, though only in the limited context of condemnation proceedings. Nothing in the language of MCL 211.182; MSA 7.7(6) persuades us that the Legislature intended to prohibit the creation of any other statutory remedy for the collection of lessee-user taxes. MCL 213.291; MSA 8.231 was made part of the condemnation laws of this state and simply creates a right of setoff between two debtors, somewhat analogous to the right of setoff created under MCL 600.6008; MSA 27A.6008. By its very terms, MCL 213.291; MSA 8.231 applies to "all delinquent taxes and/or * * * current taxes * * * which have become due and payable".

We hold that where lessee-user taxes are assessed against a party for the use of certain tax-exempt realty and that party subsequently obtains a condemnation judgment which compensates for the loss of the use of that property, the amount of any unpaid lessee-user taxes may be withheld

from the condemnation award under the terms of MCL 213.291; MSA 8.231. Because this right of setoff is created as a matter of condemnation law, it is within the jurisdiction of the circuit court to initially evaluate a taxing authority's right to withhold unpaid taxes from condemnation awards. In *Detroit v Katz,* 142 Mich App 737; — NW2d — (1985), for example, we held that it was within the jurisdiction of the trial court to enjoin the city from withholding lessee-user taxes from a condemnation award obtained by the owner of the underlying realty rather than by the lessee-user of the property.

Where, however, the lessee-user challenges the validity of the tax assessed as contrary to the taxation laws of this state, the appropriate forum for doing so is the Michigan Tax Tribunal, which has been vested with exclusive and original jurisdiction over matters "relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws". MCL 205.731(a); MSA 7.650(31)(a). That the jurisdiction of the tribunal is exclusive of the circuit court is well established by the Supreme Court's decision in *Wikman v Novi,* 413 Mich 617, 645-646; 322 NW2d 103 (1982). We thus find no error on the part of the trial court in transferring this case to the tribunal for a determination of the validity of the taxes collected by the city. It is undisputed that the circuit court had jurisdiction over the parties when the city initially issued its tax bills for the lessee-user taxes sometime after July 1, 1981. The 30-day filing requirement of MCL 205.735; MSA 7.650(35) has thus been tolled under *Wikman v Novi, supra,* p 654. On remand, the tribunal should consider this case as "[a] proceeding for refund or redetermination of a tax". MCL 205.731(b); MSA 7.650(31)(b).

Defendant raises two other issues on appeal which are outside the jurisdiction of the Tax Tribunal. Defendant first argues that the lessee-user taxes in this case are, in reality, payments of rent which are prohibited under case law. See *Rosen v Detroit,* 242 Mich 690; 219 NW 726 (1928), and *Fenton v Lutz,* 73 Mich App 117, 122; 250 NW2d 579 (1977). We find nothing in the record to support a finding that the lessee-user taxes imposed by the city in this case constitute a disguised form of rent. The lessee-user tax is imposed by legislative authority and is intended to ensure that lessees of tax-exempt property will not receive an unfair advantage over lessees of privately-owned property. *American Title Ins Co v Detroit,* 102 Mich App 679, 681; 302 NW2d 278 (1981). See also *Gaylord v Gaylord City Clerk,* 378 Mich 273, 302; 144 NW2d 460 (1966).

Defendant also argues that the city's deduction of taxes from the condemnation award in this case constitutes an unlawful deprivation of the defendant's property without due process of law. Defendant cites *Fuentes v Shevin,* 407 US 67; 92 S Ct 1983; 32 L Ed 2d 556 (1972), *reh den* 409 US 902; 93 S Ct 177; 34 L Ed 2d 165 (1972), as authority for a general prohibition against prejudgment seizures. In *Fuentes,* however, the Supreme Court struck down state replevin laws which allowed the prejudgment seizure of goods "simply upon the *ex parte* application of any other person who claims a right to them and posts a security bond". 407 US 69-70. The Court held that the absence of adequate notice provisions and the lack of opportunity for a preseizure hearing violated the property owner's constitutional right to due process of law. The Court further noted, however, circumstances under which prejudgment seizures of property were allowed, including seizures to collect under the fed-

eral taxation laws. 407 US 92, fn 24, citing *Phillips v Commissioner,* 283 US 589, 597; 51 S Ct 608; 75 L Ed 1289 (1931). We conclude that the setoff authorized under MCL 213.291; MSA 8.231 secures an important governmental interest of revenue collection at a fairly insignificant risk to the private property owner inasmuch as the taxpayer is not without other means to dispute the assessment. For example, in this case, defendant could have petitioned the Tax Tribunal upon receiving the tax bill sometime in July or August of 1981.

The trial court's order transferring this case to the Michigan Tax Tribunal is affirmed. On remand, the tribunal should consider this case as a proceeding for a refund of taxes paid. Defendant's arguments regarding the applicability of the lessee-user tax to this defendant and regarding the proration of taxes upon the passing of title shall be considered there.

Affirmed and remanded to the Tax Tribunal.