CITY OF DETROIT v KATZ

Docket No. 69013. Submitted January 10, 1985, at Detroit.—Decided
   May 8, 1985.
   Defendants, Ruben L. Katz and Edna A. Katz, doing business as
   Nalm Investment Company, were the owners of a parcel of
   land in the City of Detroit. The city acquired the land by way
   of condemnation as part of the Central Industrial Park Project.
   At the time, the property was leased to Great Lakes Container
   Corporation, which continued to use the property for over a
   year after the city acquired title. A jury trial was held in which
   the defendants were awarded compensation. The verdict did not
   reflect any leasehold interest in the property. When defendants
   learned that the city intended to deduct lessee-user taxes from
   the payment of the award they filed a post-judgment motion to
   compel payment of the award in full and to enjoin the deduc-
   tion. The Wayne Circuit Court, George T. Martin, J., denied the
   motion, holding that exclusive jurisdiction over the matter was
   in the Tax Tribunal, and ordered the case transferred to the
   tribunal. Defendants appealed. *Held:*
      1. The trial court erred in holding that it did not have
   jurisdiction to consider the issue of the withholding of unpaid
   lessee-user taxes. The condemnation statutes provide for the
   payment of taxes due as a part of the process of condemnation
   and, thus, the question of taxes is within the jurisdiction of the
   circuit court.
      2. The statute providing for lessee-user taxes does not apply
   to the award to the defendants in this case. The defendants
   were not in possession of the property after the city acquired
   title, and the award did not include any leasehold interest. The
   lessee-user tax applies only to Great Lakes, not to the defen-
   dants, therefore, the city was not entitled to set off the taxes
   from the award.
      Reversed and remanded.

1. EMINENT DOMAIN — COURTS — CIRCUIT COURTS — JURISDICTION.
   A trial court in a condemnation action has the jurisdiction to

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 27 Am Jur 2d, Eminent Domain §§ 357-375, 380.
[2] 68 Am Jur 2d, Sales and Use Taxes § 210.

determine whether the condemning authority is entitled to withhold from the award the amount of any unpaid taxes or special assessments (MCL 213.291; MSA 8.231).

2. EMINENT DOMAIN — TAXATION — LESSEE-USER TAX.

The lessee-user tax, which is to be collected from the lessee or user of real property which for any reason is exempt from ad valorem property taxation, does not create a lien against the realty and is to be collected from the lessee or user; it does not apply to the withholding by a city of the amount of such taxes from a condemnation award granted to the former owner of property which became tax-exempt because of the condemnation but which continued to be used by a lessee until the actual destruction of the buildings on the property (MCL 211.181, 211.182; MSA 7.7[5], 7.7[6]).

*Donald Pailen,* Corporation Counsel, *Joseph N. Baltimore,* City of Detroit Law Department, and *Honigman, Miller, Schwartz & Cohn* (by *Charles H. Tobias* and *William G. Christopher),* Special Counsel, for the City of Detroit.

*John M. Roche,* for defendants.

Before: M. J. KELLY, P.J., and GRIBBS and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendants appeal as of right from an order which, by its effect, allows the City of Detroit to deduct delinquent taxes from a condemnation award obtained by the defendants as compensation for property taken for the Central Industrial Park Project, more commonly known as the Poletown Project. See *Poletown Neighborhood Council v Detroit,* 410 Mich 616; 304 NW2d 455 (1981). We reverse.

According to the certified statement of facts, defendants were the owners of parcel No. 1662, which was improved by a steel drum reconditioning business operated by the Quality Container

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Division of Great Lakes Container Operation. Defendants had leased the realty to Great Lakes for a five-year term commencing December 1, 1976, with options to renew for three additional five-year terms.

On November 24, 1980, title to the realty passed to the city. Great Lakes continued to use the property, however, until February 1, 1982, when the city took possession. The buildings were demolished prior to July 1, 1982.

On October 7, 1982, a condemnation trial conducted before a jury resulted in a verdict of $638,-000. The verdict did not reflect any leasehold interest in the property and exceeded by $245,000 the amount of the city's appraisal and placed into escrow. Judgment was entered on November 19, 1982, confirming the verdict and directing the city to pay the $245,000 balance as well as statutory interest from November 24, 1980. Defendants were required to pay the city all rentals they had collected from the lessee after November 24, 1980.

Defendants subsequently learned that the city intended to deduct from the award $29,553.74 in lessee-user taxes levied under 1953 PA 189, MCL 211.181; MSA 7.7(5). Defendants filed a post-judgment motion to compel payment of the judgment in full and to enjoin the deductions. The trial court denied the motion on the ground that the Michigan Tax Tribunal had exclusive jurisdiction over the matter and entered an order on January 4, 1983, transferring the case to that forum. The city paid defendants on the judgment but withheld the amount of unpaid lessee-user taxes. Defendants appeal as of right.

The trial court found that it was without jurisdiction to consider the city's withholding of unpaid lessee-user taxes assessed in connection with the

property. We disagree. MCL 213.291; MSA 8.231 provides:

"In the case of property taken in any condemnation proceedings, the award shall first be applied to the payment of all delinquent taxes and/or delinquent special assessments and current taxes and current special assessments which have become due and payable."

In *Detroit v National Exposition Co,* 142 Mich App 539, 544; 370 NW2d 397 (1985), we held that this provision applies to the lessee-user tax and "creates a right of setoff between two debtors, somewhat analogous to the right of setoff created under MCL 600.6008; MSA 27A.6008." We further held that MCL 213.291; MSA 8.231 was created under the condemnation laws of the state and it is thus within the jurisdiction of the circuit court to construe and apply its terms. The trial court in this case erred in refusing to consider whether MCL 213.291; MSA 8.231 applied to the instant case. We hold that it does not.

The lessee-user tax is assessed in lieu of the general property tax pursuant to MCL 211.181; MSA 7.7(5), which provides in relevant part:

"When any real property which for any reason is exempt from ad valorem property taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users of this real property shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of this real property."

Clearly, this tax is personal to the lessee or user of the realty. Under MCL 211.182; MSA 7.7(6), any unpaid tax is to be collected by way of a direct action of assumpsit against the lessee-user inas-

much as the assessment of the tax does not create a lien against the underlying realty. See also *Detroit v Tygard,* 381 Mich 271; 161 NW2d 1 (1968), and *United States v Detroit,* 345 Mich 601; 77 NW2d 79 (1956), *aff'd* 355 US 466; 78 S Ct 474; 2 L Ed 2d 424 (1958).

Defendants in this case are the former owners of parcel 1662. After the city had taken title to the property defendants were never in possession of the property and never used it for any business purpose. The condemnation award issued in this case compensated only the defendants for the loss of their property interests in parcel 1662 and those losses did not include any leasehold interest. Great Lakes was never a party to this condemnation proceeding and their leasehold interest in the property is not represented in the $638,000 award.

Inasmuch as the lessee-user tax is a tax on the leasehold property interest and not on the realty and since this condemnation proceeding did not pertain to the leasehold interest, there are no delinquent taxes on the property which was taken and MCL 213.291; MSA 8.231 does not apply. The city has failed to cite any other authority allowing it to withhold from defendants' judgment the tax obligations of an independent and separate taxpaying entity. Neither does the city explain how a former owner of real property becomes liable for a lessee-user tax assessed after the period of ownership and use has ended. The city relies wholly on MCL 213.291; MSA 8.231, which under our interpretation creates a right of setoff only where the condemnation award is obtained by the party owing the unpaid lessee-user tax.

We hold that the trial court erred in refusing to construe and apply MCL 213.291; MSA 8.231 in the instant case. We further hold that the city does not have authority under that statute to

withhold the unpaid lessee-user taxes from the condemnation award obtained by the defendants. We thus reverse the trial court's order denying defendant's motion to enjoin the city from withholding the taxes and vacate the order transferring this case to the Tax Tribunal. This case is remanded with direction to the trial court to enter an order requiring the city to satisfy defendants' judgment in full.

Reversed and remanded.