NATIONAL EXPOSITION COMPANY v CITY OF DETROIT

Docket No. 97087. Submitted January 6, 1988, at Detroit. Decided June 6, 1988. Leave to appeal applied for.

In condemnation proceedings initiated by the City of Detroit in the Wayne Circuit Court, title to property owned and used by National Exposition Company and others in connection with a business conducted for profit passed to the City of Detroit on November 24, 1980, but the property was not surrendered by National Exposition until July 1, 1981, pursuant to an order of the circuit court. The amount of compensation was determined following a trial. The city subsequently informed National Exposition that it would be deducting lessee-user taxes assessed for the period between December 31, 1980, to July 1, 1981, from the compensation award. National Exposition filed a motion contesting the lessee-user tax levy and its deduction from the condemnation award. The trial court, George T. Martin, J., transferred the case to the Tax Tribunal, ruling that jurisdiction lay with the Tax Tribunal. An appeal by National Exposition to the Court of Appeals was dismissed, but the Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for plenary consideration. 417 Mich 918 (1983). The Court of Appeals held that lessee-user taxes can be deducted from a condemnation award and remanded the case to the Tax Tribunal for a determination whether the lessee-user tax applied to National Exposition and whether it was properly assessed. 142 Mich App 539 (1985). The Tax Tribunal upheld the lessee-user tax levy on National Exposition and National Exposition appealed.

The Court of Appeals *held:*

1. The lessee-user tax act, which imposes a tax on a private lessee or user of tax-exempt property in the same amount and to the same extent as though the lessee or user were the owner

REFERENCES

Am Jur 2d, Sales and Use Taxes §§ 53, 54.

Am Jur 2d, State and Local Taxation §§ 787.

Am Jur 2d, Statutes §§ 142 *et seq.*

See the Index to Annotations under Sales and Use Taxes; Statutes; and Taxation.

of property when the property is used in connection with a business conducted for profit, applies to one who continues to conduct business on property he formerly owned but whose title has passed to a public agency as a result of a condemnation action.

2. The lessee-user tax is a personal liability of the lessee or user of property and is not subject to the section of the General Property Tax Act which provides for the proration of property taxes when property is acquired for public purposes by purchase or condemnation.

Affirmed.

1. TAXATION — TAX TRIBUNAL — APPEAL.

Review by the Court of Appeals of a decision by the Tax Tribunal is limited, in the absence of fraud, to determining whether the tribunal made an error of law or adopted a wrong principle; factual findings of the tribunal will be upheld if supported by competent and substantial evidence, and the tribunal's construction of a statute is entitled to respectful consideration.

2. STATUTES — JUDICIAL CONSTRUCTION.

A plain and unambiguous statute is to be applied and not interpreted, since such a statute speaks for itself, and the courts may not speculate as to the probable intent of the Legislature beyond the words employed in the act.

3. TAXATION — LESSEE-USER TAX — CONDEMNATION.

The lessee-user tax act, which imposes a tax on a private lessee or user of tax-exempt property in the same amount and to the same extent as though the lessee or user were the owner of property when the property is used in connection with a business conducted for profit, applies to one who continues to conduct business on property he formerly owned but whose title has passed to a public agency as a result of a condemnation action (MCL 211.181[1]; MSA 7.7[5][1]).

4. TAXATION — LESSEE-USER TAX — GENERAL PROPERTY TAXES — PRORATION.

The lessee-user tax is a personal liability of the lessee or user of property and is not subject to the section of the General Property Tax Act which provides for the proration of property taxes when property is acquired for public purposes by purchase or condemnation (MCL 211.2, 211.181[1]; MSA 7.2, 7.7[5][1]).

*Mason, Steinhardt & Jacobs, P.C.* (by *Frederick*

*D. Steinhardt, Paul Owen Ashba* and *Susan P. Saltzman*), for petitioners.

*Honigman, Miller, Schwartz & Cohn* (by *Charles H. Tobias* and *Ralph R. McKee*), for respondent.

Before: MacKenzie, P.J., and M. J. Kelly and L. P. Borrello,* JJ.

L. P. Borrello, J. Petitioners dispute respondent's assessment of lessee-user taxes, assessed pursuant to MCL 211.181; MSA 7.7(5). The Tax Tribunal upheld the assessment and petitioners appeal as of right. We affirm.

Respondent filed a complaint for condemnation of petitioners' property on November 24, 1980, as part of the Central Industrial Park Project, commonly known as the Poletown Project. Petitioners, hereafter referred to as National Exposition, did not contest the condemnation. Other Poletown property owners did contest the condemnation and our Supreme Court upheld the condemnation in *Poletown Neighborhood Council v Detroit,* 410 Mich 616; 304 NW2d 455 (1981). Following that decision, the circuit court ordered National Exposition to surrender the property, which National Exposition did on July 1, 1981.

In July, 1981, respondent sent National Exposition a tax bill assessing lessee-user taxes. National Exposition did not file any protest. A condemnation trial fixing compensation was held in November, 1981. In March, 1982, National Exposition filed a motion in the circuit court contesting the tax assessment and contesting respondent's deduction of the lessee-user taxes from the condemnation award. The circuit court transferred the case to the Tax Tribunal, ruling that the circuit court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

had no jurisdiction. This Court dismissed National Exposition's appeal, but the Supreme Court remanded the case in March, 1983, for plenary consideration. *Detroit v National Exposition Co,* 417 Mich 918 (1983).

This Court held that lessee-user taxes could be deducted from a condemnation award and remanded the case to the Tax Tribunal for a determination of whether the lessee-user tax applied to National Exposition and whether it was properly assessed. *Detroit v National Exposition Co,* 142 Mich App 539; 370 NW2d 397 (1985). The Tax Tribunal held that the lessee-user tax was applicable to National Exposition, and National Exposition appeals that decision here.

This Court's review of a decision by the Tax Tribunal is limited, in the absence of fraud, to determining whether the tribunal made an error of law or adopted a wrong principle. The factual findings of the Tax Tribunal will be upheld if supported by competent and substantial evidence. *Antisdale v City of Galesburg,* 420 Mich 265, 277; 362 NW2d 632 (1985). The Tax Tribunal's construction of a statute is entitled to respectful consideration. *Wikman v City of Novi,* 413 Mich 617, 650-651; 322 NW2d 103 (1982).

The lessee-user tax statute provides:

> (1) When any real property which for any reason is exempt from ad valorem property taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessees or users of this real property shall be subject to taxation in the same amount and to the same extent as though the lessee or user were the owner of this real property. [MCL 211.181(1); MSA 7.7(5)(1).]

Title to the property vested in respondent when the complaint was filed on November 24, 1980. MCL 213.56; MSA 8.265(6); MCL 213.57; MSA 8.265(7). After that date, the property was exempt from ad valorem property taxes, and used by a private, nonexempt entity in connection with a business for profit. The statutory conditions for imposition of the lessee-user tax were met for the period December 31, 1980, to July 1, 1981, and none of the statutory exceptions are applicable to National Exposition. MCL 211.181; MSA 7.7(5). See also *Detroit v Katz,* 142 Mich App 737; 371 NW2d 860 (1985).

A cardinal rule of statutory construction is that courts may not speculate as to the probable intent of the Legislature beyond the words employed in the statute. A word or a phrase in a statute is to be given its plain and ordinary meaning. *Van Dam v Grand Rapids Civil Service Bd,* 162 Mich App 135, 138; 412 NW2d 260 (1987). When the language of a statute is clear and unambiguous, judicial construction is neither required nor permitted. Such a statute must be applied, and not interpreted, since it speaks for itself. *Van Dam, supra.*

National Exposition argues that the tax should not be applied to them because the purpose of the tax is to equalize the tax burden between users of exempt and nonexempt property. *American Title Ins Co v Detroit,* 102 Mich App 679, 681;302 NW2d 278 (1981). National Exposition argues that this purpose is not served by applying the tax to a holdover user of condemned property. We find this argument unpersuasive. National Exposition erroneously concludes that the purpose of equalizing tax burdens on users of exempt and users of nonexempt property is not served by imposition of the tax in this case. When respondent became the owner of the condemned property, National Expo-

sition was no longer liable for property taxes, thus imposition of the lessee-user tax compensates for this benefit.

National Exposition also erroneously argues that the language of the act makes the tax applicable only to situations where the tax-exempt owner affirmatively acts to make the property available to the user. National Exposition attempts to distinguish its case by the fact that it occupied the property by right under the condemnation statute, until the circuit court ordered surrender. MCL 213.59; MSA 8.265(9). While National Exposition's occupation of the condemned property was not the result of a bargain between National Exposition and respondent, we find that the language of the lessee-user tax statute covers this situation. The language "loaned, or otherwise made available to" clearly indicates the Legislature's intention to apply the tax to any business using property exempt from property taxes, regardless of how the use arose, and not just to businesses occupying property under bargained-for leases. The language of the statute applies a tax based on the status of the user and owner of the property, not based on the legal arrangement which creates the use. The plain terms of the statute make the tax applicable to National Exposition, and this Court is not free to speculate about the Legislature's intention apart from that plain meaning. *Van Dam, supra.*

National Exposition also contends that the Tax Tribunal erred in refusing to prorate the lessee-user taxes pursuant to MCL 211.2; MSA 7.2. That statute provides, in pertinent part:

> Notwithstanding any provision to the contrary in any law, when real property is acquired for public purposes by purchase or condemnation, all

general property taxes, but not penalties, levied during the 12 months immediately preceding, but not including, the day title passes to the public agency shall be prorated in accordance with this paragraph.

The Tax Tribunal ruled that MCL 211.2; MSA 7.2 provides only for the proration of taxes levied on real property. The lessee-user tax is a personal liability of the user of the property. MCL 211.181(1); MSA 7.7(5)(1). *Katz, supra,* pp 740-741. Thus, the Tax Tribunal concluded that National Exposition was not entitled to have the lessee-user taxes prorated pursuant to MCL 211.2; MSA 7.2.

An agency's interpretation of a statute is entitled to respectful consideration. *Wikman, supra.* The Tax Tribunal's construction of MCL 211.2; MSA 7.2 comports with the plain meaning of the statutory language.

The decision of the Tax Tribunal is affirmed.